## UNITED STATES v. HELWIG.

No. 8736.

Circuit Court of Appeals, Third Circuit.

Submitted Oct. 21, 1946.

Decided Jan. 28, 1947.

Roy Alton Helwig, of Atlanta, Ga., for appellant.

Charles F. Uhl, U. S. Atty., of Pittsburgh, Pa., for appellee.

Before BIGGS, ALBERT LEE STEPHENS and KALODNER, Circuit Judges.

BIGGS, Circuit Judge.

The appellant, Helwig, was found guilty of a violation of the National Motor Vehicle Theft Act, 18 U.S.C.A. § 408, by a jury of the District Court of the United States for the Western District of Pennsylvania and thereafter was sentenced to imprisonment. Following his conviction he appealed to this court, being authorized to prosecute his appeal in *forma pauperis*. Helwig was tried at Erie, Pennsylvania, being brought there by a writ of *habeas corpus ad prosequendum* from the federal penitentiary at Atlanta, Georgia where he was serving a sentence having suffered conviction on another similar charge.

Helwig contends that he was denied due process of law at his trial because (1) he was not arraigned and did not validly waive arraignment, (2) that he was not given sufficient time to prepare for trial, the court denying motions for continuance, (3) that counsel assigned to defend him was inexperienced and took no substantial part in the trial, requiring him in effect to conduct his own defense, and (4) that he was denied the opportunity to summons witnesses to testify on his behalf.

If this be true, it is clear that the appellant has been denied rights guaranteed to him by the federal Constitution and that he is entitled to a new trial. We found nothing in the record as originally filed in this court to substantiate these charges. We affirmed the judgment of conviction and concluded that Helwig should make application for a writ of *habeas corpus* to the district court of the district in which he is imprisoned for the reason that his principal contentions were based on matters *dehors* the record. See United States v. Helwig, 3 Cir., 152 F.2d 456. *Certiorari* was granted and the Supreme Court vacated the judgment and remanded the cause to us with directions that we require the district court before which the appellant was tried to perfect the record.[1]

---

[1] See 66 S.Ct. 1336. The Supreme Court stated, " * * * The judgment of the Circuit Court of Appeals is vacated and the cause remanded to the Circuit Court of Appeals with directions to require the District Court to perfect the record. Rule 39 of the Federal Rules of Criminal Procedure [18 U.S.C.A. following section 687]. See Miller v. United States, 317 U.S. 192, 199, 200, 601, 63 S.Ct. 187, 191, 87 L.Ed. 179. * * * "

Accordingly we issued our mandate to the district court with directions. The district court has now certified to us a somewhat enlarged record. But there is no stenographic transcript of the proceedings at the trial for apparently no reporter was present. No notes, made by the trial judge or by counsel, are included in the record. There is no written statement by any officer of the court or by any person present at the trial (save Helwig) which could contribute to a veracious account of the trial judge's action or would afford a basis for testing the contentions of the appellant. See Miller v. United States, 317 U.S. 192, 198, 63 S.Ct. 187, 87 L.Ed. 179. We are restricted therefore to the docket entries, to a document, newly filed in this court, entitled "Clerk's Memorandum", to the clerk's minutes, also newly filed, and to Helwig's statements.

After the filing of the enlarged record with this court, on September 4, 1946 we ordered Helwig to file any additional exceptions or additional brief which he might desire to file on or before September 30, 1946 and directed the appellee to file its brief on or before October 10, 1946. We ordered the cause to be submitted for decision on October 21, 1946.[2] Following this order we received no pertinent communication from Helwig and no communication of any kind from the appellee.

The record is still scanty. The Clerk's Memorandum, a record made by the clerk of the District Court at or about the time of the trial, names the jurors and the trial judge. It shows that there appeared for the appellant "Richard Agresti and the Defendant himself". The words and figures which appear on the Clerk's Memorandum would sustain a finding that Mr. Agresti was appointed by the court as counsel for Helwig at 10:35 A.M. on September 21, 1944 and that the trial commenced one minute later.[3] It is clear that the appellant was brought from the federal penitentiary at Atlanta, Georgia, on a writ of *habeas corpus ad prosequendum,* was held in jail, first at Pittsburgh and later at Erie until the commencement of his trial. It appears from the Clerk's Memorandum that the trial commenced at 10:36 A. M. on September 21, 1944; that the prosecution concluded its case 59 minutes later; that immediately thereafter appellant's defense was opened; that no testimony was presented on his behalf; that Mr. Agresti argued Helwig's case to the jury for a few minutes; that the trial judge charged the jury which retired and returned with a verdict of guilty and that, thereafter, the appellant made a motion for a new trial which was denied. It does not appear from the docket entries, from the Clerk's Memorandum or from anything in the record made in the court below that Helwig or his counsel moved for a continuance in order to procure the attendance of witnesses to testify on Helwig's behalf.

As to Helwig's assertion that he was not arraigned and did not validly waive arraignment, the record contains an adequate waiver of arraignment signed by him. We are also of the opinion that Helwig's contention that the counsel assigned to defend him was inexperienced, requiring him to conduct his own defense, is without merit. The appellant was accused of a violation of the National Motor Vehicle Theft Act in that he knowingly transported or caused to be transported from Erie, Pennsylvania, to New Lexington, Ohio a certain stolen automobile. Such a charge is not a difficult one to defend but in any event we cannot hold that lack of experience is

---

[2] Our order in pertinent part is as follows:

"Ordered, that the above entitled cause be submitted for decision on October 21, 1946 and that the appellant shall file any additional exceptions and any additional brief, if he deems such to be necessary, on or before September 30, 1946 and that the appellee file its brief on or before October 10, 1946.

"Permission is granted to the appellant and to appellee to file typewritten briefs."

[3] Perhaps the words and figures referred to were intended to indicate that the jury was called and sworn at 10:35 A.M. on September 21, 1944. The matter is far from clear. We note also that Helwig in his notice of appeal states that at 9:45 A.M. on September 21, 1944 his "* * * court appointed attorney appeared at Marshal's office, to talk with defendant".

the equivalent of incompetence for competent defense may be accomplished by inexperienced counsel.

The gravamen of Helwig's complaint is that he was denied sufficient time to prepare for trial. He asserts that he moved for a continuance so that he might have the opportunity to summons witnesses to testify in his behalf but neither docket entries, nor minutes nor the Clerk's Memorandum, nor anything in the record, save only Helwig's uncorroborated statements, serve to indicate that either he or his counsel made a motion for a continuance. It is fundamental that the record imports verity. Johnson v. United States, 225 U.S. 405, 411, 32 S.Ct. 748, 56 L.Ed. 1142. But we are faced with the fact that the Clerk's Memorandum indicates that counsel was appointed for Helwig only one minute prior to the commencement of his trial. This record too imports verity and we observe that no one acting on behalf of the United States, by brief or memorandum filed in this court, has controverted Helwig's fundamental assertion of insufficient time to prepare for trial. We are of the opinion that counsel for an indigent defendant, held in custody, must be appointed by the court sufficiently far in advance of trial to enable counsel adequately to prepare the defense. In the case at bar the period given for preparation was too brief. It is notable also that the appellee does not contend that Helwig was awarded due process of law guaranteed to him by the Fifth Amendment.

The judgment of conviction is reversed and a new trial is ordered.

EVANS, Circuit Judge, dissenting.