UNITED STATES of America

v.

John YODOCK.

Civ. No. 8082.

United States District Court
M. D. Pennsylvania.

Dec. 20, 1963.

878

Bernard J. Brown, U. S. Atty., Harry A. Nagle, Thomas R. Kilroe, Asst. U. S. Attys., Scranton, Pa., for the United States.

Christopher T. Powell, Scranton, Pa., for John Yodock.

1. On October 10, 1950, petitioner filed a petition under Section 2255, Title 28 U.S.C.A. (Civil Action No. 3858), which raised all the grounds presented by the present petition. The Honorable Albert L. Watson, then Chief Judge of this District, who had presided at the trial, denied the motion without a hearing. In

SHERIDAN, Chief Judge.

Petitioner, John Yodock, filed a petition titled, "Writ of Error Coram Nobis and Motion to Set Aside Conviction", which this court treated as a motion to vacate, set aside or correct the sentence under Title 28 U.S.C.A. § 2255 and held a hearing.

On June 6, 1938, the Grand Jury returned a two count indictment which charged petitioner with the attempted robbery of the Plymouth National Bank, Plymouth, Pennsylvania, on March 31, 1938. Petitioner was convicted and sentenced to a prison term of 15 years to commence at the expiration of a state prison sentence then being served. He started to serve his federal sentence on May 9, 1948. On August 25, 1957, he received a mandatory release. He has been in prison since July 14, 1962 as a parole violator. His prospective mandatory release date is May 11, 1966.

Several grounds are alleged in the petition, but at the hearing the only one pressed was that petitioner's constitutional rights were violated because his court-appointed counsel had insufficient time to prepare a defense.

Petitioner's trial started in Harrisburg at 10:00 a.m. on December 6, 1939. At 4:00 a. m. on that morning petitioner, then an inmate of the Eastern Penitentiary at Philadelphia, had been awakened by two guards and told to get dressed as he was going on a trip. He arrived at Harrisburg at about 9:30 a. m. and then learned for the first time that he was under indictment for the Plymouth bank robbery. Prior to that time he had not received a copy or any notice of the indictment, which had been returned by the Grand Jury on June 6, 1938. Although Judge Watson held that the same contention in a prior petition [1] was

his opinion, reported in D.C., 97 F.Supp. 307, Judge Watson said: "As to the second part of (1) above, that Petitioner did not know of the accusation until date of trial, this also is without merit, for the record recites that Petitioner was arraigned in open court prior to trial and Petitioner pleaded 'not guilty' to the in-

without merit, the record clearly supports petitioner. The docket entries show that petitioner was not arraigned until December 6, 1939.[2] Petitioner's allegation and testimony are not an attempt to contradict the record, as concluded by Judge Watson. That he was arraigned according to law on the trial date is not responsive to the charge that he did not know of the accusation prior to the trial date. The docket entries also show that the bench warrant, issued June 17, 1938, was returned on June 22, 1938 as unserved because of the absence of the defendant from the jurisdiction.[3]

dictment. This Court is mindful of the fact that the Constitution and the law are careful to direct that information be given to the accused of the charge against him, but this Court may presume that the law was complied with in the present case and that Petitioner had the indictment read to him, for the record shows the arraignment, and an arraignment consists of calling a defendant to the Bar, reading the indictment to him or informing him of the charge against him, and demanding of him whether he is guilty or not guilty and entering his plea.[1] The record imports verity and cannot be contradicted by the unsupported assertion of the Petitioner; [2] therefore, Petitioner's allegation that he did not know of the accusation is without merit." (Footnotes omitted.)

In 1951 petitioner filed a second petition under Section 2255, Title 28 U.S.C.A. This raised a ground not included in the first petition. Judge Watson denied this petition, see D.C., 101 F.Supp. 480, affirmed by the Court of Appeals for the Third Circuit, 196 F.2d 1018.

2. No disposition is made of the question whether the delay of 18 months in arraignment violated petitioner's right to a speedy trial under the Sixth Amendment.

3. Petitioner was arrested by Plymouth police on April 1 and taken to State Police Barracks at Wyoming, Pennsylvania. After 9 or 10 days he was delivered to Schuylkill County authorities to answer charges of prison breach in 1934. He was serving a 5 to 10 year sentence in the Eastern Penitentiary on this charge at the time of his trial in Harrisburg. At all times between the date the indictment was returned and the date of arraignment and trial, the Government knew that the petitioner was in

When the case was called for trial, petitioner was without counsel. After the arraignment, Judge Watson appointed Attorney John H. Moody, of Harrisburg, as defense counsel. The trial commenced immediately with the selection of a jury. It was Mr. Moody's first federal criminal case. He had been graduated from law school in 1937 and admitted to the Bar in 1938. He was in court as an observer. As soon as he was appointed, the trial commenced. He had no opportunity to discuss the case with his client.[4] His opponent had a

state custody outside the Middle District of Pennsylvania.

4. In summarizing Mr. Moody's testimony, the Government brief states at page 4: " * * * that he met with petitioner in a separate room and had a brief discussion."

This is incorrect. Mr. Moody testified: " * * * I recall the case quite vividly because it was my first federal criminal case and it was a case of some magnitude—as a matter of fact of greater magnitude than I thought it when I first took the case. And Judge Watson asked me to represent Mr. Yodock and I acceded and, to the best of my knowledge, we went to trial immediately after my appointment. Whether it was a matter of 5 minutes, it seems to me, would be quite immaterial. But we went immediately into the selection of a jury. I selected the jury as the record will indicate, exercised my challenges, and I frankly didn't have much of an opportunity to converse with Mr. Yodock on the facts of the case, and I learned the facts of the case as the case progressed during the course of the trial."

* * * * *

"BY THE COURT:
After you were appointed by Judge Watson to represent the defendant, did you leave the court room to confer with your defendant?
"BY THE WITNESS:
I did not.
"BY THE COURT:
You immediately proceeded to select a jury.
"BY THE WITNESS:
Yes, sir.
"BY THE COURT:
Before you proceeded to select a jury, did you have a chance to talk to the defendant about the case.

year and one-half in which to prepare. One of the subpoenas, issued under date of November 17, 1939, and served on the Federal Bureau of Investigation, Washington, D. C., required the proper person to appear with various articles [5] which had been submitted to the Bureau in April of 1938 for testing. The trial was completed in a day plus one hour. On December 6, 1939:

Defendant arraigned—plea of not guilty.

Court appointed counsel for defendant.

Jury selected—28 jurors called. Defendant challenged 10. Government challenged 6.

Attorney Maguire (Asst. U. S. Attorney)—opened to jury.

Twelve witnesses were called by the Government and all but one were crossed-examined. Four witnesses were subpoenaed from York, Pa., two from Philadelphia, Pa., three from Plymouth, Pa., and one from Wyoming, Pa., Towson, Md., and Washington, D. C.

Government rested at 4:40 p. m.

Defendant rested at 4:40 p. m.

and on December 7, 1939:

Mr. Maguire closed to the jury— 10:10 a. m. to 10:35 a. m.

Mr. Moody closed to the jury— 10:35 a. m. to 10:55 a. m.

The Court charged—10:55 a. m. to 11:10 a. m.

Jury returned a verdict of guilty.

Defendant was sentenced to a prison term of 15 years to commence at the expiration of a state prison sentence which had 10 years to run.

■■ The Sixth Amendment of the Constitution of the United States guarantees that in all federal criminal prosecutions the accused shall have the right to have the assistance of counsel for his defense. This right is necessary to insure fundamental human rights and liberty. The right to counsel persists until there is a clear, intelligent and competent waiver by the accused. In this case, since the accused requested counsel and counsel was appointed, there is no question of waiver prior to the beginning of the trial. Assistance of counsel means effective assistance. Bute v. Illinois, 1948, 333 U.S. 640, 660, 68 S.Ct. 763, 92 L.Ed. 986; Glasser v. United States, 1942, 315 U.S. 60, 76, 62 S.Ct. 457, 86 L.Ed. 680; Johnson v. Zerbst, 1938, 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461.

■ Assistance is not effective when counsel has insufficient time to prepare a defense. Powell v. Alabama, 1932, 287 U.S. 45, 71, 53 S.Ct. 55, 77 L.Ed. 158; United States v. Bergamo, 3 Cir. 1946, 154 F.2d 31, 34. Whether time allowed counsel for a defendant for preparation for trial is sufficient depends upon the nature of the charge, the issues presented, counsel's familiarity with the applicable law and pertinent facts, and the availability of material witnesses. Ray v. United States, 8 Cir. 1952, 197 F.2d 268.

■ Petitioner testified that he would have offered evidence that he was in Jersey City at the time of the robbery if he

---

"BY THE WITNESS:

Not to any extent. As my recollection best serves me, I immediately embarked upon the selection of a jury after the appointment by Judge Watson.

"BY THE COURT:

Then after the jury was selected, what happened?

"BY THE WITNESS:

The Government proceeded with the trial, the introducing of their testimony.

"BY THE COURT:

So that the Government's case started, the testimony started and you hadn't left the court room to even confer with the defendant.

"BY THE WITNESS:

There was no break. It continued."

5. There were 14 questioned articles, such as overalls, shoes, trousers and other clothing; drills and other tools; dirt scraped from footprints, etc. Also, some 9 sample articles, such as loose plaster, loose dirt, paint scrapings, etc.

had been given the opportunity to locate a certain truck driver who drove him from Jersey City to Scranton on the evening of March 31. Mr. Maguire testified that the Government did not have a confession or any admissions from the defendant; that the Government's case was based on circumstantial evidence, particularly the purchase and possession of a tool which had been found at or near the bank; and that the Government's case was the type that was "open" to a defense of alibi. In addition to the lack of opportunity to investigate and prepare a defense, petitioner was deprived of other important rights, such as the right to challenge the array of grand jurors, or otherwise attack the grand jury proceedings; to attack the arraignment; to challenge the array of petit jurors; and to attack the indictment.

Petitioner did not have effective assistance of counsel. While Judge Watson in his opinion on the prior motion [6] said Mr. Moody's representation was conscientious and competent, the right to counsel under the Sixth Amendment was not satisfied. It was not sufficient to appoint counsel and permit an immediate trial irrespective of the ability, competence, experience or actual performance of counsel. In discussing the length of time necessary for preparation of trial, the court in Joseph v. United States, 9 Cir. 1963, 321 F.2d 710, 712, said:

> "The question before us is a very practical one—'How long is long enough to prepare for trial?' Of necessity the answer depends usually upon the nature of the case. We can concede that no time is never enough. If counsel is appointed one minute and asked to immediately commence the defense of a defendant before either a jury or the court, it seems obvious that as a matter of law, counsel has not had time enough to prepare."

In United States v. Helwig, 3 Cir. 1947, 159 F.2d 616, 618, the court, speaking through Chief Judge Biggs, said:

> " * * * But we are faced with the fact that the Clerk's Memorandum indicates that counsel was appointed for Helwig only one minute prior to the commencement of his trial. This record too imports verity and we observe that no one acting on behalf of the United States, by brief or memorandum filed in this court, has controverted Helwig's fundamental assertion of insufficient time to prepare for trial. We are of the opinion that counsel for an indigent defendant, held in custody, must be appointed by the court sufficiently far in advance of trial to enable counsel adequately to prepare the defense. In the case at bar the period given for preparation was too brief. * * *"

In Powell v. Alabama, supra, at page 58 of 287 U.S., at page 60 of 53 S.Ct., 77 L.Ed. 158, the Supreme Court said:

> "It is not enough to assume that counsel thus precipitated into the case thought there was no defense, and exercised their best judgment in proceeding to trial without preparation. Neither they nor the court could say what a prompt and thorough going investigation might disclose as to the facts. No attempt was made to investigate. No opportunity to do so was given. Defendants were immediately hurried to trial."

Goforth v. United States, 10 Cir. 1963, 314 F.2d 868, cited by the Government, is not applicable. In that case counsel was appointed on the day of trial and immediately prior to the selection of the jury, and the court held defendant's constitutional rights to counsel was not violated. The court found that Goforth at the time of his arraignment, which was

6. There was no official court reporter in the Middle District of Pennsylvania before July 18, 1945. Prior to that time the parties employed their own reporter.

In this case neither the Government nor defendant made arrangements for a reporter.

several weeks prior to trial, was advised of his right to counsel, but he had told the court he would obtain his own counsel. He failed, but he did not inform the court. The court said:

"As a result he appeared in court on the morning of the trial without representation and the court had to decide whether to: (1) Postpone the trial of all of the defendants until a later date; or (2) grant on its own motion a severance of the case and continuance as to Goforth and proceed with the trial of the other defendants; or (3) appoint counsel for Goforth and proceed with the trial of all of the defendants. Confronted with this situation, the court chose to follow the latter course and we are unable to say that this was an abuse of discretion. Neufield v. United States, 73 App.D.C. 174, 118 F.2d 375, cert. denied, Ruben v. United States, 315 U.S. 798, 62 S. Ct. 580, 86 L.Ed. 1199."

■ The Government argues that the motion must be denied because there was no request for a continuance.[7] The fact that no continuance was requested is not important, particularly under the circumstances of the case. Petitioner did not waive a continuance. Prior to the arraignment he requested Mr. Maguire to obtain a continuance and later after Mr. Moody's appointment, he asked him to request a continuance. The court should not have permitted a trial since it knew the defendant had just been arraigned and that counsel had had no time whatever to prepare the defense. The failure to request a continuance is not a bar to petitioner's motion. Powell v. Alabama, supra; United States v. Helwig, supra.

The Government also contends that the denial of the prior motion by Judge Watson is a bar to the instant motion.

■■ Title 28 U.S.C.A. § 2255 provides in part: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." While a court normally is not required to entertain a second motion under § 2255 alleging the same infirmity as the first, such motion should be disposed of in the exercise of sound judicial discretion. Kyle v. United States, 2 Cir. 1961, 297 F.2d 507. The United States Supreme Court recently stated in Sanders v. United States, 1963, 373 U.S. 1, at page 15, 83 S.Ct. 1068, at page 1077, 10 L.Ed.2d 148, "Controlling weight may be given to denial of a prior application for * * * § 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." In discussing point (3), the Supreme Court stated, " * * * If factual issues are involved, the applicant is entitled to a new hearing upon showing that the evidentiary hearing on the prior application was not full and fair; * * * " and "If purely legal questions are involved, the applicant may be entitled to a new hearing upon showing an intervening change in the law or some other justification for having failed to raise a crucial point or argument in the prior application. * * * " Using these guidelines, this court holds that the denial of the prior motion does not bar and does not control the disposition of the instant motion. In exercising this discretion, it is pointed out that no hearing was held on the prior motion even though factual issues were raised; that petitioner was without counsel, although he had requested the court to appoint counsel; that this court disagrees with the conclusion reached in the prior § 2255 proceeding, "Here, despite the shortness of the time (the court found five minutes) which Petitioner spent with counsel before the trial, there is shown no lack of knowledge by counsel of either the facts or the law upon which counsel advised and defended his client";

---

7. Judge Watson said no request for a continuance was made. Yodock v. United States, D.C., 1951, 97 F.Supp. 307, 311.

and that under all the circumstances petitioner did not have effective assistance of counsel.

An order will be issued vacating the judgment of conviction and sentence and granting a new trial.

This opinion shall constitute the court's findings of fact and conclusions of law in accordance with Rule 52(a), Fed.R.Civ.P.

The court is grateful to Christopher T. Powell, Esq., of Scranton, Pennsylvania, who as assigned counsel ably represented petitioner in these proceedings.