James Horace EUBANKS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19140.

United States Court of Appeals
Ninth Circuit.

Aug. 31, 1964.

Rehearing Denied Nov. 4, 1964.

Michael Lacagnina, Boyle, Bilby, Thompson & Shoenhair, Tucson, Ariz., for appellant.

C. A. Muecke, U. S. Atty., Jo Ann D. Diamos, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before JERTBERG and DUNIWAY, Circuit Judges, and JAMESON, District Judge.

DUNIWAY, Circuit Judge:

Eubanks was convicted in the District Court for the District of Arizona of a violation of 18 U.S.C. § 2312, familiarly known as the Dyer Act, by transporting a motor vehicle in interstate commerce, knowing the vehicle to have been stolen.

Eubanks was indicted on June 4, 1963. He was then in the custody of Texas authorities, under sentence for an offense against that jurisdiction. On October 7, 1963, he was brought to the District of Arizona and arraigned on the present charge, to which he pleaded not guilty. Counsel was appointed, and trial set for October 18. On October 18, trial was

held before a jury which found him guilty. Judgment of conviction was entered on October 28. On this appeal Eubanks, through his court-appointed counsel (not the same one who represented him below) contends that the district court deprived him of his right to a fair trial under Amendment VI to the United States Constitution by permitting him to be tried eleven days after arraignment and appointment of counsel, and that he was further deprived of his right to a fair trial by reason of the ineffective assistance of counsel appointed by the court.

 He asks us to hold that the trial court erred as a matter of law in setting trial only eleven days after arraignment and then permitting it to proceed on that date. We cannot agree. Courts do not deny due process merely because they move expeditiously. United States ex rel. Thompson v. Nierstheimer, 7 Cir., 1948, 166 F.2d 87; cf. Avery v. Alabama, 1940, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377. The sixth amendment provides that every defendant shall "enjoy the right to a speedy and public trial." We are not presented here with a case in which counsel was appointed a few moments before trial, see Powell v. Alabama, 1932, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, or one minute before, see United States v. Helwig, 3 Cir., 1947, 159 F.2d 616. Nor does it appear that Eubanks was denied opportunity to confer with counsel prior to the trial date. See Turner v. Maryland, 4 Cir., 1961, 303 F.2d 507. On the contrary the docket and minute entries for October 7 affirmatively show that counsel was present with defendant at the arraignment. Plainly, he had ample opportunity to consult with his client.

 The determination as to whether there was time sufficient to permit the accused to prepare his defense is largely a matter of trial court discretion. What is a sufficient time in a particular case depends upon the circumstances, including the nature of the charge, the issues presented, counsel's familiarity with the applicable law and pertinent facts, and the availability of witnesses. See Ray v.

United States, 8 Cir., 1952, 197 F.2d 268, 271. Here defendant was charged with transporting a stolen vehicle across state lines. Such a charge is not usually a difficult one to defend, see United States v. Helwig, supra, 159 F.2d at 617. Nor did the facts as developed at trial suggest any unusual complexity in this particular case. The sole issue presented was: Did Eubanks steal the car?

The fact that most of the events giving rise to the offense occurred outside the jurisdiction of the trial court, and the fact that important government witnesses resided out of state, might have induced the trial court to look with sympathy on a motion for a continuance, but none was made.

There is no merit in appellant's argument that a longer period of preparation was mandatory because counsel was appointed by the court. We have no reason to believe, and there is nothing in this record to show, that court-appointed counsel are any less able or diligent than retained counsel.

 Eubanks also says that he was denied effective assistance of counsel in that his court-appointed attorney failed to prepare his defense. Specifically, he urges that counsel should have sought a continuance in order more fully to investigate the government case and to locate witnesses appellant claims would have testified for him, but who had removed from the jurisdiction of the court at the time of trial. To place this claim in context, we briefly review the case against Eubanks as it was developed at trial.

Officer Van Buskirk of the Arizona Highway Patrol testified that he observed appellant on October 28, 1962, driving west on an Arizona highway in a 1959 red and white Chevrolet with two passengers. The car had a single, rear-mounted Texas license plate, number BN 5057. In routine performance of his duty, the officer stopped the car for investigation, because he knew that Texas law requires two license plates. Eubanks, who identified himself as James Ray Tiner, could not produce a driver's

license or a vehicle registration. He told the officer that the car was registered in the name of his father, whom he identified as H. C. Tiner, a Texas resident.

A phone call to Eubanks' father revealed that he did not use the name Tiner, and was not the owner of the vehicle. Subsequent investigation disclosed that the car was registered to one John O. Thompson, a used car dealer of Lake Charles, Louisiana, who had reported it stolen on October 15. The license plate was registered in the name of James Woodall, a college student in Lubbock, Texas.

Thompson testified that Eubanks had visited his used car lot on Saturday, October 13, and attempted to arrange a deal in trade for the car he was driving; that he failed to establish credit to make a deal and left when the lot closed; and that when the lot was re-opened on Monday morning the Chevrolet was missing, and the car Eubanks had been driving was found abandoned up the street. Woodall testified that he had discovered the loss of his front license plate sometime in the fall of 1962, but that he could not recall having met Eubanks.

Eubanks, who was the sole witness in his own behalf, claimed that he had bought the car from one Jones, a salesman on Thompson's lot, and had received a receipt, but that certificate of title was withheld until he completed payments. He claimed to have exhibited the receipt to the officer when he was stopped. (Van Buskirk specifically denied this on rebuttal). Eubanks stated that he was unable to produce the receipt at the trial because it was held, with the rest of his personal property, by the Texas authorities. He claimed he had written for it, and requested his attorney to do so. As to the license plate, he said that the car had borne two Texas plates when he bought it, and that he did not know how one had been lost.

Following his conviction Eubanks filed a notice of appeal and a motion for leave to proceed in forma pauperis. In the motion he argued for the first time that there were two witnesses outside the jurisdiction who could have testified in his behalf. He claimed that a Mr. and Mrs. Crick, who had been passengers in the car when he was stopped by Officer Van Buskirk, could confirm his story that he had displayed a receipt for the vehicle. Responding to the motion, appellee caused the F.B.I. to obtain sworn statements from the Cricks, now residents of California. Both statements, separately taken, are part of the record on this appeal. Both Mr. and Mrs. Crick flatly denied that appellant had ever displayed any receipt in their presence.

Next Eubanks alleged that one Yeager, a college roommate of Woodall's, would testify that he gave Eubanks the single license plate. Even if true, we fail to see how this could materially aid Eubanks' case. It would contradict his testimony on the stand that the plate had been on the car when he bought it, and would in no way tend to refute the charge of theft of the automobile. Nevertheless, at appellant's request, the F.B.I. took a statement from Yeager, and that statement is a part of the record. Not only does Yeager deny that he gave the plate to Eubanks, but his statement, if anything, strengthens the case of the government. Although Woodall, at the trial, was unable to identify Eubanks, Yeager swears that Eubanks did have access to Woodall's car at a time when the front license plate was hanging loosely by one bolt.

As to the elusive receipt which Eubanks claimed to be in the hands of the Texas authorities, we need only note that many months have elapsed, yet we find no claim in the record, by Eubanks or his present counsel, that it has been recovered, or that an attempt to recover it has been made, or even that it actually exists. Nor does the record disclose that any effort has been made to obtain a statement from Jones, the alleged salesman of the vehicle.

In Brubaker v. Dickson, 9 Cir., 1962, 310 F.2d 30, 32 we said that when inadequate representation is alleged, the

critical factual inquiry relates to such matters as:

"* * * whether the defendant had a defense which was not presented; whether trial counsel consulted sufficiently with the accused, and adequately investigated the facts and the law; whether the omissions charged to trial counsel resulted from inadequate preparation rather than from unwise choices of trial tactics and strategy."

Testing Eubanks' assertion by these criteria, we think it clear that he has failed to show he was denied effective assistance of counsel. His claim rests solely on what he contends was the dereliction of counsel in failing to seek a continuance to locate out-of-state witnesses. As to this, we think the more reasonable inference to be drawn from this record is that counsel wisely and properly concluded that any evidence uncovered by delaying the trial would harm rather than help his client.

Affirmed.