**Donald Bernard BENTLEY, Petitioner,**

v.

**The STATE OF FLORIDA, Respondent.**

**Civ. No. 67-595.**

United States District Court
S. D. Florida.
May 29, 1968.

Edward A. Kaufman, Miami, Fla., for petitioner.

Jesse J. McCrary, Jr., Asst. Atty. Gen., Miami, Fla., for respondent.

## OPINION AND ORDER

FULTON, Chief Judge.

On April 26, 1968, an Order was entered in this habeas corpus proceeding dismissing the cause as moot, since petitioner was released upon termination of his sentence prior to the Court's final determination of this matter. That decision was based on a line of Supreme Court precedents culminating in Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L. Ed.2d 963 (1960). Counsel for petitioner has now called to the attention of the Court that twenty-four days after dismissal of this cause for mootness, the Supreme Court overruled the *Ellis* decision. Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (May 20, 1968). No notice of appeal has yet been filed in this case and this Court therefore retains jurisdiction. The Order of April 26 will therefore be vacated and rendered null and void and the Court will dispose of this petition as it would have done earlier had it not believed the petition moot.

Donald Bernard Bentley was charged by information with breaking and entering a building with intent to commit a felony, to-wit: Grand Larceny, in the Court of Record In and For Broward County, Florida. Upon his plea of guilty he was sentenced on September 4, 1964, to four years at hard labor in the State Prison with a recommendation that he be sent to Apalachee Correction-

al Institute for First Offenders. Bentley's first Florida Criminal Rule One, F.S.A. ch. 924, Appendix collateral attack on his sentence was denied without hearing on September 10, 1965, and the denial was affirmed on appeal. Bentley v. State, 185 So.2d 186 (Fla.App. 4th Dist.1966). His second Rule One attack on the sentence was unsuccessful after a one-hour evidentiary hearing conducted by the sentencing Judge on August 15, 1966. At that hearing evidence speaking to Bentley's contention that his confession had been coerced was excluded, and consideration was limited to the question whether his plea had been knowingly and intelligently entered, and the ancillary inquiry whether Bentley had been adequately represented by his court-appointed counsel. The appeal from this decision was quashed. Bentley v. State, 191 So.2d 103 (Fla.App. 1966). Bentley then filed a petition for habeas corpus in the Supreme Court of Florida, which was denied without opinion on January 17, 1967. Bentley v. State, 196 So.2d 919 (Fla.1967).

After thus painstakingly pursuing his quest for relief through the Florida Court system, Bentley filed a petition for writ of habeas corpus in this Court on June 5, 1967. His petition set forth five constitutional defects in the state proceedings which led to his ultimate incarceration:

1. That he was arrested illegally;

2. That he was held incommunicado for eleven days before being taken before a committing magistrate;

3. That he was inadequately represented by counsel;

4. The the state judge failed to advise him of his constitutional rights; and

5. That he was coerced by interrogating officers to make a confession, and that his subsequent plea of guilty resulted from the existence of this coerced confession.

This Court entered an Order to Show Cause directing the State to answer Bentley's petition with citation of authorities in support of the response. The response of the State was filed on June 27, 1967. On July 21, 1967, petitioner filed an extensive reply.

After consideration of the petition, response and reply, this Court entered an Order on September 7, 1967, finding that an unlawful arrest is not grounds for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 unless the arrest deprived petitioner of a fair trial, and that a preliminary hearing is not a requirement of due process under Florida law. The Court further found that petitioner had been afforded a full and adequate hearing on his assertions of inadequate representation and lack of knowledge concerning his federal constitutional rights. The Court applied the presumption afforded by 28 U.S.C. § 2254 that the State Court determination on those assertions was correct. It did not appear to this Court at that time that there was a sufficient showing to overcome that presumption. However, inasmuch as the petition, response and reply raised fundamental issues of fact on at least one constitutional ground, this Court granted the writ to the extent of requiring a full evidentiary hearing to be held on November 20, 1967, limited in scope to a determination of whether petitioner was coerced by interrogating officers to make a confession, and if so, whether the subsequent guilty plea entered on his behalf, resulted from the existence of such coerced confession. Edward A. Kaufman, Esquire, was appointed by the Court to represent petitioner for purposes of the hearing.

Petitioner was brought to Miami from Raiford Prison on October 16, 1967, so that his appointed attorney might interview him and prepare his case for presentation to this Court on November 20, 1967. When it became apparent that more time would be required for the hearing than had been set aside by the Court, it was rescheduled for November 29, 1967, without objection from counsel. Subsequently, appointed counsel for peti-

tioner notified the Court that he was confined with a serious illness, and requested a further continuance. The hearing was reset at the earliest possible time, and was finally convened on December 22, 1967. During the course of that session it became evident that it might be of aid to petitioner's cause if Sergeant Grandee of the Pompano Beach Police Force were made available for interrogation, and the hearing was therefore recessed until December 27, 1967, so that Sergeant Grandee and further records of Bentley's arrest could be presented to the Court. At the December 27 session Sergeant Grandee was present, but new evidence indicated that a Lieutenant McMahon, who was Chief of Detectives of the Pompano Beach Police at the time of Bentley's arrest, should be called as a witness, and the hearing was again recessed. On December 29, 1967, after the taking of further testimony, both sides rested and the hearing was concluded.

The State submitted a memorandum of law January 8, 1968. On March 15, 1968, the State submitted a supplemental response to the original petition which urges that the petition is moot, based on an enclosed certificate of Louie L. Wainwright, as Director of the Florida Division of Corrections, certifying that Donald Bentley was released from custody on February 28, 1968, upon the expiration of his sentence.

The Court is distressed that so many months have elapsed in the processing of this petition. Although the hearing was concluded several months ago, no final order was entered until April 26, 1968, because the Court was awaiting a brief from Bentley's court-appointed counsel, Edward Kaufman. Mr. Kaufman had been engaged as a Special Assistant United States Attorney in the vigorous prosecution of an unrelated but particularly complicated criminal case involving multiple defendants charged with misapplication of bank funds, and requiring some five weeks of trial time. During the pendency of that trial, petitioner

was released from custody by expiration of his sentence, and this Court entered its Order holding the petition moot. On May 20, 1968, the Supreme Court overruled the *Ellis* decision, and stated as follows:

> [O]nce the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such application. Carafas v. La-Vallee, supra at 1560 of 88 S.Ct.

As previously indicated, it was the intention of this Court to limit the scope of the evidentiary hearing to a determination of whether petitioner was coerced by interrogating officers to make a confession, and if so, whether the subsequent guilty plea entered on his behalf resulted from the existence of such coerced confession. To that end, extensive testimony was taken regarding the circumstances surrounding the arrest and interrogation of petitioner. However, during the course of the hearing, it became apparent its scope should not be so rigidly confined.

Bentley alleges in his petition that he was inadequately represented by his court-appointed counsel. Because this contention was considered by the sentencing court in connection with Bentley's second Rule One petition, and a finding made after an evidentiary hearing that the representation was adequate, this Court determined to utilize the presumption of 28 U.S.C. § 2254 that the State determination was correct. However, in view of evidence received at the hearing in this habeas corpus proceeding, the Court has determined that petitioner was in fact not afforded adequate representation. The Court's resolution of this contention, inadequate representation by counsel, makes determination of the voluntariness of his confession unnecessary.

It is certain that the Sixth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, requires that an indigent state criminal defend-

ant charged with a felony be afforded the assistance of counsel. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). It is equally certain that denial of adequate representation by such counsel is a denial of due process cognizable as a ground for federal habeas corpus relief under 28 U.S.C. § 2254. Pineda v. Bailey, 340 F.2d 162 (1965).

The general rule relative to this problem has been expressed by the Fifth Circuit Court of Appeals as follows:

> [R]elief from a final conviction on the ground of incompetent or ineffective counsel will be granted only when the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, *or without adequate opportunity for conference and preparation.* Williams v. Beto, 5 Cir., 354 F.2d 698, 704 (1966). (Emphasis added).

The following facts are relevant to a consideration of the adequacy of the legal counseling afforded petitioner:

Petitioner is a Negro, who was seventeen years of age when he was arrested and taken into custody on July 24, 1964. He was interrogated extensively by members of the Pompano Beach Police Force during the course of that evening and the following day. During the afternoon of July 25, 1964, petitioner signed a written confession. On July 27, 1964, an Information was filed charging Donald Bentley, Leroy Benjamin Cohen, and Alfred Jones with the offense of breaking and entering a building with intent to commit a felony therein, to-wit: Grand Larceny. The case came on for arraignment in the Court of Record of Broward County on July 28, 1964, but was continued for one week so that petitioner's parents could be notified. On August 4, 1964, petitioner was waiting for arraignment with other defendants "in the bull pen." Jack P. LaMarr, Esquire, a Public Defender for the State Court, entered the bull pen and asked if anyone needed an attorney. He conducted a five minute interview with petitioner. Petitioner and Mr. LaMarr differ in their accounts of this interview, with petitioner contending and Mr. LaMarr denying that there was a serious disagreement and argument over whether he should plead guilty. Immediately thereafter petitioner went before the Court to be arraigned. On representation by petitioner's parents that they were without funds and unable to secure counsel for petitioner, the Court appointed Mr. LaMarr as petitioner's counsel. On behalf of petitioner, Mr. LaMarr waived reading of the Information and entered a plea of guilty. The Court then ordered a presentence investigation to be made, and sentencing was set for September 4, 1967.

It is apparent to this Court that Bentley was furnished with virtually no legal counseling or representation. His total contact with Mr. LaMarr prior to his plea of guilty consisted of a five minute interview before Mr. LaMarr had been appointed to assist him. The conflicting testimony as to what transpired during that conference is dwarfed in importance by the overwhelming uncontroverted fact that it lasted *only five minutes.*

Although petitioner was arrested on July 24, 1964, he received no legal assistance until August 4, 1967, a few moments before he entered a plea of guilty to a charge for which he could have been incarcerated fifteen years. The Court appointed Mr. LaMarr, and immediately thereafter petitioner was asked how he pled. The Court is convinced that Mr. LaMarr is a competent attorney and was working in an extremely overworked and understaffed public defender program. Nevertheless, the right to counsel means the right to effective counsel, and although it need not be errorless counsel, it must be counsel both "* * * reasonably likely to render *and rendering* reasonably effective assistance." Pineda v. Bailey, supra, 340 F.2d at 164. Counsel in this case made no motion for con-

tinuance in order that he might garner evidence on behalf of his client. He made no investigation of the alleged facts on which the charge was based. He made no inquiry concerning the circumstances surrounding the confession signed by petitioner. His testimony in this habeas corpus proceeding is that he is uncertain whether he was aware of the existence of the co-defendants Cohen and Jones, but he is certain that he did not question them concerning the alleged crime.

This Court is unable to imagine a more perfunctory representation. Virtually no steps were taken to ascertain whether petitioner might in fact have a valid defense to the charge placed against him. As the Supreme Court has said so well:

> It is not enough to assume that counsel thus precipitated into the case thought there was no defense, and exercised their best judgment in proceeding to trial without preparation. Neither they nor the court could say what a prompt and thorough-going investigation might disclose as to the facts. No attempt was made to investigate. * * * The record indicates that the appearance was rather pro forma than zealous and active * * *. Under the circumstances disclosed, we hold that defendants were not accorded the right of counsel in any substantial sense. To decide otherwise, would simply be to ignore actualities. Powell v. State of Alabama, 287 U.S. 45, 58, 53 S.Ct. 55, 60, 77 L. Ed. 158 (1932).

And more recently, the Fifth Circuit Court of Appeals has succinctly stated:

> As we see it, an essential element of the fair trial of a defendant with court-appointed counsel is trial court sensitivity to protecting the defendant against hasty trials * * *. A genuflection in the direction of justice by the pro forma appointment of counsel * * * is something less than adequate judicial guidance and the furnishing of effective counsel to

an accused. MacKenna v. Ellis, 280 F.2d 592, 601 (5 Cir. 1960).

It is the conclusion of the Court that petitioner was denied the effective assistance of counsel prior to his plea and sentencing in this case. Upon such finding it is the duty of this Court to dispose of the case as law and justice require. 28 U.S.C. § 2243. Because petitioner has completed his sentence and been released from custody, it would be manifestly unjust to order a new trial. But it would be equally inequitable to require him to remain branded as a felon for a crime of which he was not lawfully convicted. Thereupon, it is

Ordered and adjudged that the Order of this Court dated April 26, 1968 be and the same is hereby vacated, and it is further

Ordered and adjudged that the conviction of petitioner be and the same is hereby vacated and set at naught.