Donald **CALLAHAN**, Petitioner-Appellee,

v.

Lake F. **RUSSELL**, Warden, Tennessee State Penitentiary, Respondent-Appellant.

No. 19323.

United States Court of Appeals, Sixth Circuit.

March 17, 1970.

party to this appeal. *See* Rule 54(b) Fed.R.Civ.P.

451

Elmer D. Davies, Jr., Asst. Atty. Gen., State of Tennessee, Nashville, Tenn., for appellant; George F. McCanless, Atty. Gen. and Reporter, State of Tennessee, of counsel.

William G. Womack (Court Appointed), Nashville, Tenn., for appellee.

Before WEICK and CELEBREZZE, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

WEICK, Circuit Judge.

This is an appeal from an order of the District Court granting the appellee's petition for a writ of habeas corpus.

Three indictments were returned against appellee on January 7, 1963, in the Circuit Court of Franklin County, Tennessee, charging him with the offenses of armed robbery, larceny, and kidnapping. The three indictments grew out of the armed robbery and kidnapping of a Winchester, Tennessee policeman on November 23, 1962, and the larceny of

his revolver, $115.00 of his money, and of the police automobile.

At his preliminary hearing appellee was advised of his right to an attorney. He did not confer with an attorney and entered a plea of guilty. The plea was not accepted and was not used against him. In Tennessee a preliminary hearing is not regarded as a critical proceeding.

The three cases were assigned for trial on January 9, 1963. Since Callahan had no attorney and was indigent, the Court appointed two attorneys to represent him. After consultation with his attorneys for about fifteen minutes, he pleaded guilty to all three indictments and was given consecutive sentences totaling fifteen years.

Callahan filed a habeas corpus petition in the Circuit Court of Franklin County, Tennessee, on July 19, 1966, challenging the validity of his conviction on a number of grounds, his principal claims being that his pleas of guilty to the indictments were involuntary and that he did not have the effective assistance of counsel.

Counsel was appointed for Callahan in the state habeas corpus action and he was granted a full evidentiary hearing. At this hearing he declined to testify. The Court determined the issues against him and dismissed the petition.

On appeal to the Supreme Court of Tennessee, the judgment of the Circuit Court was affirmed in an opinion written by the Chief Justice, appearing in State ex rel. Callahan v. Henderson, 417 S.W. 2d 789 (Tenn.1967). The opinion of the Supreme Court sets forth the then uncontroverted facts, as follows:

"At the trial before the court in which he was convicted, and of which he now complains, he was represented by two lawyers who were appointed by the trial court. Both of these lawyers are able and capable attorneys. These lawyers were appointed on the morning of the trial and they conferred with the petitioner for some fifteen or twenty minutes prior to the trial.

These lawyers testified in the cause now before us that after talking with the petitioner they conferred with the District Attorney General concerning the case, and that the District Attorney General with some reluctance agreed to allow the petitioner to submit on each of the three offenses for which he was indicted and then to be tried and receive the minimum sentences on each. The attorneys then communicated this fact to the petitioner and he consented thereto. Petitioner was advised of the possible sentence for each offense, which included a possibility of death by electrocution for the armed robbery offense. The petitioner stated to them that he had no witnesses, and that because petitioner had no defense these attorneys advised him that it would be to his best interest to take the minimum sentences for each offense. Counsel testified herein that the petitioner expressed a willingness to plead guilty and that it was the petitioner's decision to enter the plea of guilty. One of the lawyers testified in this hearing that the petitioner was not coerced or threatened or anything of the kind to enter the plea, and that he was well satisfied with the settlement they had made with the District Attorney General.

"The testimony herein shows likewise that the court advised the petitioner of all his constitutional rights. Counsel testified that he did not recall advising petitioner that he had a right of appeal but that petitioner at no time requested an appeal. It is shown without contradiction that these attorneys advised the petitioner fully as to the sentence which was placed upon him." *Id.* at 790, 791.

Relative to his claims of ineffective assistance of counsel and involuntary pleas of guilty, the Court said:

"We cannot say that fifteen minutes was too short a time to properly represent one under a factual situation as herein presented. Of course, if the crime is committed so as to be contestable or there was a question about it or witnesses to be found to be offered before the court to test the validity of the crime or the truth or falsity of it, then this would require time for an investigation. But if the person charged with the crime concedes to his counsel that he did these things and that he was well pleased to get out with the minimum sentence for having committed the crime, then unquestionably it could not be said that fifteen minutes was not adequate time for consultation and investigation. Under such a situation counsel, who did work out an agreement with the District Attorney General for the petitioner to only receive the minimum sentence for the offenses of which the man conceded he was guilty, should be complimented on getting the minimum sentence.

"Factually in the present case we must view the case from the standpoint that this state of facts is true, that is, that the petitioner here did commit these crimes for which he was charged, and having conceded that he committed them, for him to get the minimum sentence was the best that could possibly be done. Since the petitioner had the right to testify in this habeas corpus proceeding, which was a civil proceeding, and state the facts as he saw them and did not do so and yet he is making this complaint, we must conclude, in view of this fact that the man stated to his appointed lawyers that he had committed these crimes, and that he had no witnesses, he should be thanking his lawyers for being able to work it out for him to receive the minimum sentence rather than go to trial without any defense. Even if it had been continued since he had no witnesses to be found it would not have profited him anything. Thus it is that we certainly cannot say under such circumstances that fifteen minutes was not long enough in view of the result of what was done.

"It is charged and alleged in these assignments that the petitioner was not advised of the consequences of his

plea nor was it determined whether the plea was freely and voluntarily entered. The lawyer, who was appointed for the petitioner, testified that the sentences were fully explained to the petitioner and further that the plea was freely and voluntarily entered. There being no evidence to the contrary, certainly this answers this proposition." *Id.* at 792, 793.

Callahan then filed a petition for writ of habeas corpus in the District Court. Counsel was again appointed for him. The District Judge granted him an evidentiary hearing[1]. He testified at the hearing. The transcript of the record in the state habeas corpus proceeding was received in evidence. No other evidence was offered.

The District Court found that Callahan had failed to prove that his pleas of guilty were involuntary. On the issue of denial of effective assistance of counsel, the Court felt he was constrained to rule in favor of petitioner because of our decision in Townsend v. Bomar, 351 F.2d 499 (6th Cir. 1965), and he granted the writ. The State has appealed.

At the hearing the District Court said:

"The Court: (Interposing) The question that I have before me really I think is this. Even though I may be convinced that there was nothing that a lawyer could have done for him if he had had a month, even though I may be convinced as I am that Mr. Stewart told the truth when he said that the defendant told him he didn't have any witnesses and asked him to make a settlement. I think that is what happened all right. I think he probably got a good settlement.

"I am confronted by some language in some recent cases in this circuit that have practically held that there can't be effective assistance of counsel in such a limited time, patently improper.

"Mr. McMackin: Of course, the Townsend-Terry case they went to

trial in that case. I mean actually the attorneys in that case were appointed and talked with them for short period of time and then went to trial before a jury. I think that situation certainly is different from the situation we have in this case. In that particular case—

"The Court: (Interposing) Well, I've got to do a little more looking and I've got to read the Stewart testimony again. What I'm going to do is take this case under advisement. I think that this man has now had a complete evidentiary hearing. He had everything he was entitled to have in the State Court. That is, all the witnesses appeared, all that he wanted and the State had its opporunity to put on its proof.

"The only thing lacking in the state hearing was that this Petitioner for some foolish reason didn't testify and this is the reason I said I would let him have evidentiary hearing here if he would agree to testify in his own behalf and he has now done that.

"I think he probably got a good deal and there was probably no violation of his constitutional rights as I view them, but I've got to determine whether the Sixth Circuit views them from a different light in the short period of time counsel had in which to enter the plea of guilty even though he may have desired to do so." (App. at 23, 24, 25)

The District Judge made no finding of fact that the late appointment of counsel operated to prejudice petitioner. In fact, he seemed to agree with the Supreme Court of Tennessee that petitioner was not prejudiced. He stated in his order:

"It may well be, as the Supreme Court of Tennessee found, that no defense of any kind was available to any one of the three charges against this petitioner, and that the settlement effected by his attorneys may have been in his best interest. However, this court is constrained to believe that the

---

1. This was a limited evidentiary hearing. Only the petitioner was permitted to testify.

decision in this action is controlled by the decision of the Court of Appeals for this Circuit in Townsend v. Bomar, 351 F.2d 499 (6th Cir. 1965), wherein the court held that the petitioners had been denied due process because the shortness of time allowed for preparation for trial constituted a denial of the right to effective assistance of counsel."

In *Townsend* we were confronted with a different situation wherein the petitioners, who were serving a term in prison, were accused of participating in a riot at the penitentiary. Conviction for this offense required a sentence of life imprisonment. Several months after the riot, they were removed from the state prison and taken to the county court house where they learned for the first time of their indictment charging them with participating in the riot. The Court appointed two lawyers, who happened to be sitting in the courtroom, to represent them. Petitioners testified that the lawyers conferred with them from fifteen to twenty minutes. The lawyers estimated the time at from forty-five minutes to an hour or two. They made no request for a continuance. Petitioners never furnished the attorneys with the names of any witnesses, although petitioners testified at the habeas corpus hearing that they could have obtained witnesses and would have requested a continuance and even a change of venue if it were not for the fact that they were ignorant of their rights. The attorneys made no investigation of the facts at the prison, nor did they interview any of the other inmates. They interviewed only the Deputy Warden, at the courthouse, who was the principal witness for the state. Petitioners pleaded not guilty, and after two days' trial they were found guilty and sentenced to life imprisonment. In reversing the District Court's order denying their petitions for writs of habeas corpus, we stated:

"The offense charged in the case at bar was a serious one, requiring upon conviction the imposition of a sentence of life imprisonment upon young men.

The Court should have accorded them a reasonable time to enable their counsel to prepare properly the case for trial. The time allotted was too brief for this purpose. Furthermore, it gave the appellants no time even to collect their own thoughts, let alone to contact relatives or friends or to plan or assist in planning their defense." 351 F.2d at 502.

We did not hold in *Townsend* that the late appointment of counsel constituted a violation per se of the Constitution.

There is of course a vast difference between one case where the defendant says he is not guilty and wants a trial and the court proceeds to try him without giving his counsel adequate time for preparation, and another case where the defendant, after being fully advised as to his rights, admits his guilt, tells his lawyer that he wants to plead guilty, and instructs him to work out an agreement with the prosecutor as to the sentence. In the present case apparently there were no witnesses to the robbery, except the victim.

■■ In our judgment, the constitutional right of a defendant to the effective assistance of counsel has not been violated by the late appointment of counsel unless it has operated to his prejudice. The question whether or not the defendant has been prejudiced must be determined by the Court by consideration of all the facts and circumstances in the case.

Recognition of the constitutional right of a defendant to effective assistance of counsel under the due process clause of the Fourteenth Amendment stems from Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527 (1932) where the Court said:

"[T]hat duty [to appoint counsel] is not discharged by an assignment at such a time or under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case." *Id.* at 71, 53 S.Ct. at 65.

In Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940), the Su-

preme Court reiterated the constitutional right to effective representation by counsel. The Court said:

"Since the Constitution nowhere specifies any period which must intervene between the required appointment of counsel and trial, the fact, standing alone, that a continuance has been denied, does not constitute a denial of the constitutional right to assistance of counsel. * * *

"But the denial of opportunity for appointed counsel to confer, to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel." *Id.* at 446, 60 S.Ct. at 322.[2]

In Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), it was held that the defendant was denied his right to have the effective assistance of counsel because of conflict of interest. Mr. Justice Murphy warned:

"The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial." *Id.* at 76, 62 S.Ct. at 467.

In White v. Ragen, 324 U.S. 760, 764, 65 S.Ct. 978, 980, 89 L.Ed. 1348 (1945), the Court said:

"[I]t is a denial of the accused's constitutional right to a fair trial to force him to trial with such expedition as to deprive him of the effective aid and assistance of counsel."

In Hawk v. Olson, 326 U.S. 271, 276, 66 S.Ct. 116, 90 L.Ed. 61 (1945), the Court stated that it was a violation of the Fourteenth Amendment for a state to force a defendant to trial in such a way as to deprive him of the effective assistance of counsel.

The cases are clear, however, that the time of appointment of counsel, in and of itself, does not establish ineffective assistance of counsel.

In Evans v. Beto, 415 F.2d 1129 (5th Cir. 1969), the attorney was appointed on the day that the defendant pleaded guilty. The Court held that this was sufficient under the circumstances and stated:

"[T]he amount of time which defense counsel spends with a defendant prior to entry of a plea of guilty 'is only one of the elements to be considered and the totality of the facts may not be overridden by a judicial stop watch.'" (Citing Doughty v. Beto, 396 F.2d 128, 130 (5th Cir. 1968)). *Id.* at 1130.

In Doughty v. Beto, *supra,* the defendant pleaded guilty, the attorney having conferred with him for only fifteen minutes before making arrangements which dissipated a life sentence prosecution. The Court held that counsel devoted sufficient time to insure an adequate defense and there was not a denial of effective assistance of counsel.

In Cofield v. United States, 263 F.2d 686 (9th Cir. 1959), rev'd on other grounds, 360 U.S. 472, 79 S.Ct. 1430, 3 L.Ed.2d 1531 [1959], the defendant pleaded guilty after one and one-half hours of consultation with an attorney. The Court held that the time was sufficient.

"Thus, whatever the showing may be as to the time and facilities made available for rendering legal service, the basic inquiry remains—was the representation inadequate?" *Id.* at 688–689

In United States v. Wight, 176 F.2d 376 (2d Cir. 1949), cert. denied, 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950), the Court held that there was no denial of effective assistance of counsel although defendant pleaded guilty after

---

2. The Court held, however, in *Avery,* upon a review of the record, that the trial court's denial of the motion for a continu-ance was not a deprivation of the constitutional right to assistance of counsel.

conferring with his court-appointed counsel for only fifteen minutes.

In Baldwin v. United States, 260 F.2d 117 (4th Cir. 1958), cert. denied, 360 U.S. 938, 79 S.Ct. 1463, 3 L.Ed.2d 1550 (1959), six hours was sufficient. The fact that counsel was appointed the day of the trial does not on its face deny defendant the effective assistance of counsel. Mathis v. North Carolina, 266 F. Supp. 841, 845 (M.D.N.C.1967). Accord, United States ex rel. Spears v. Rundle, 268 F.Supp. 691, 700 (E.D.Pa.1967), affirmed per curiam, 405 F.2d 1037 (3d Cir. 1969). Compare United States v. Helwig, 159 F.2d 616 (3d Cir. 1947) (one minute preparation before trial was too brief[3]; Bentley v. Florida, 285 F.Supp. 494 (S.D.Fla.1968) (five minutes' preparation prior to pleading guilty was only a perfunctory representation).

In several of the Circuits the Courts have held that in the late appointment of counsel a prima facie presumption arises that the accused was prejudiced thereby and the burden is upon the state to counterbalance the presumption. United States ex rel. Mathis v. Rundle, 394 F.2d 748 (3d Cir. 1968); Twigford v. Peyton, 372 F.2d 670, 673 (4th Cir. 1967). See also United States ex rel. Chambers v. Maroney, 408 F.2d 1186 (3d Cir. 1969).

Cf. Megantz v. Ash, 412 F.2d 804 (1st Cir. 1969).

■ Usually, on consideration of the presumption, the Courts have found that the state's evidence counterbalanced it. This rule as to the prima facie presumption is not the law in our Circuit, where the burden of proof is on the petitioner who seeks to invalidate his conviction in a post-conviction proceeding.

■ However, in order for us to review properly the order of the District Court, it is necessary that findings of fact and conclusions of law be adopted on the issue of ineffective assistance of counsel. Cf. Deal v. Cincinnati Bd. of Educ., 369 F.2d 55 (6th Cir. 1966), cert. denied, 389 U.S. 847, 88 S.Ct. 39, 19 L. Ed.2d 114 (1967). The Court should make a specific finding on the issue whether the late appointment of counsel prejudiced the appellee. If it did, the Court should grant the writ; otherwise the writ should be denied.

The judgment of the District Court is affirmed on the issue of voluntariness of confession, but the judgment is vacated on the issue of ineffectiveness of counsel, and the cause is remanded for further proceedings not inconsistent with this opinion.

3. For other cases holding that the time for preparation was too short, see MacKenna v. Ellis, 263 F.2d 35 (5th Cir. 1959), cert. denied 360 U.S. 935, 79 S.Ct. 1453, 3 L. Ed.2d 1546 (1959), where the Court stated that it was error for the trial court to deny defendant's request for a continuance and remanded the case to the District Court for a hearing to determine if petitioner's allegation was correct that he had no opportunity to call his witnesses. United States v. Bergamo, 154 F.2d 31 (3d Cir. 1946), where the Court reversed defendants' convictions because defendants' continuance was denied and they were forced to go to trial with counsel not of their own choosing and their counsel of record, who had been counsel of record for at least three weeks, said he was not prepared. United States v. Yodock, 224 F.Supp. 877 (M.D.Pa.1963) (one minute preparation was too brief). United States v. Vasilick, 206 F.Supp. 195 (M.D. Pa.1962) (one minute was too short).

For cases holding that the opportunity for preparation was adequate, see Joseph v. United States, 321 F.2d 710 (9th Cir. 1963), cert. denied, 375 U.S. 977, 84 S.Ct. 497, 11 L.Ed.2d 422 (two weeks); United States v. Bentvena, 319 F.2d 916 (2d Cir. 1963), cert. denied Fernandez v. United States, 375 U.S. 940, 84 S.Ct. 345, 11 L.Ed.2d 271, rehearing denied Mirra v. United States, 375 U.S. 989, 84 S.Ct. 515, 11 L.Ed.2d 476 (two weeks); Ray v. United States, 197 F.2d 268 (8th Cir. 1952) (one day); Thornburg v. United States, 164 F.2d 37 (10th Cir. 1947) (four hours); Skiskowski v. United States, 81 U.S.App.D.C. 274, 158 F.2d 177 (1946), cert. denied, 330 U.S. 822, 67 S.Ct. 769, 91 L.Ed. 1273 (three days).