Totten, J.,
delivered the opinion of the court.
The prisoner, Andrews, was prosecuted for larceny in the circuit court of Gibson, and at March term 1853, was arraigned, pleaded not guilty, and was put on his trial. He was present in court until the jury retired to consider of their verdict, when he escaped from custody. The jury returned into court and rendered a verdict of guilty, and that the prisoner be confined at labor in the penitentiary for two years. Judgment was rendered on the verdict. The prisoner having escaped, was not before the court when either the verdict or judgment was rendered.
After this term of the court, the prisoner was again arrested, and on his petition, the execution of the judgment was suspended by order of the circuit judge.
• At March term, 1855, the prisoner being again in custody before the court, his counsel moved that said verdict and judgment. rendered at a former term be set aside. Thereon, it was ordered by the court that the same be vacated and for nothing held. The prisoner was again put on his trial, which resulted in his conviction, and sentence to the penitentiary for three years, from which he appealed in error.
1st. It is now insisted that it was error to put the *552 prisoner a second time on Ms trial, while the former conviction remained unrevoked and in force. That the judge had no power to revoke and annul a conviction had at a former term of the court, and that his action in this respect was merely void.
The general rule is, that the court has no power over its final orders and judgments rendered at a former term. The matter in judgment is concluded in that forum, and the record has become permanent and inviolable, unless the same be reversed or annulled by the action of a court of revisory jurisdiction over the subject.
But the rule has relation to orders and judgments, which the court at the former term had power to make, and which are not in themselves merely void. A void order or judgment is of no effect or consequence, and nothing can be predicated of it. No action is required to revoke it; it is null in itself.
We are of opinion that the order made to set aside the verdict and judgment rendered at a former term, was void, for the want of power in the court to make such order.
We are next to consider the effect of the verdict and judgment at the former trial. We have seen that the accused having escaped, was not present when they were rendered.
In criminal cases of the grade of felony, where the life or liberty of the accused is in peril, he has the right to be present, and must be present during the trial and until the final judgment. If he be absent, either in prison or by escape, there is a want of jurisdiction over his person to proceed with the trial or to *553 receive the verdict, or to pronounce the final judgment.
This rule, founded in the justice and wisdom of the common law, is in substance reiterated in our bill of rights: it is necessary to the full and free exercise of the right of the accused to make his defence; and in case he be legally convicted, that effect may be given on his person, to the judgment of the court. Vid. 2 Hawk. P. 0., 619. Co. Lit., 227 b. Eaymond, 193. 2 Hale, 300. 4 Bl. Com., 360. Bac. Ab. Yerdict. B. 1 Chitty Crim. Law, 636. Clark vs. State, 4 Humph. R., 254. Bill of Rights, art. 1, § 9.
We conclude that the action of the court in receiving the verdict and rendering judgment in the absence of the accused, was illegal.
As to the nature and extent of the error, it was such as' to vitiate the proceeding and render it, not voidable merely, but null and void; it being founded in a want of jurisdiction over the person of the accused at the time the verdict and judgment were rendered.
A defect of jurisdiction as to the subject or the person, has the effect to render the judgment of a court absolutely void.
We have seen, that in a proceeding which is void, no action "is required to revoke it; it is null in itself. It was not lawful to execute the judgment, or necessary to "reverse it on error in this court. The result is, that it was not error to put the prisoner a second time on his trial.
We may observe, however,- that the practice proper in the case was to discharge the jury, as in the case of mis-trial, and the accusation remaining in court *554 against the accused, he was subject to be arrested and to be put on his trial at another term. This, indeed, was the legal effect of what occurred at the trial.
2nd. It is insisted, that the conviction was not warranted by the evidence in the case.
The defence seems to be, that the hogs, the subject of the larceny, were killed in the woods for the use of the owner, Mr. Porter, without any intention to deprive him of them. The accused informed Mr. Porter, that some of the- company refused to kill the hogs, but he advised them it would be of benefit to the owner.
It does not appear who the company were, nor whether the hogs were wild or tame; and the bill of exceptions bears the impress, in other respects, of being imperfect. We may also observe, that the publicity of the transaction as it appears in the conduct of the accused, has a tendency to rebut the idea of a criminal intent. Upon the whole, we are not content to affirm the conviction as the case now appears in the proof, but think it proper to remand the prisoner for a new trial. For this purpose, the judgment will be reversed, and the prisoner be remanded.
Judgment reversed.