STATE OF TENNESSEE ex rel.
DONALD CALLAHAN

*v.*

C. MURRAY HENDERSON, Warden, etc.

417 S.W.2d 789.

(*Nashville,* December Term, 1966.)

Opinion filed July 28, 1967.

DAVID J. WHITE, Nashville, for petitioner.

GEORGE F. McCANLESS, Attorney General, and PAUL E. JENNINGS, Assistant Attorney General, Nashville, for Warden.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

This is another petition for habeas corpus which was originally filed in the Circuit Court of Davidson County, Tennessee, but pursuant to statute was transferred to Franklin County where petitioner was originally tried and convicted.

This petitioner filed a petition for habeas corpus prior to this time in 1964 before we had statutory jurisdiction to transfer the case to the court in which it was originally tried. In the first instance it was tried in the Davidson County Circuit Court wherein the petition was denied and on appeal to this Court the petition was dismissed because the petitioner had failed to assign errors in this Court; thereafter a petition was filed in the Federal Court of the Middle District of Tennessee and it was there denied because petitioner had not exhausted all available State remedies.

The present petition is typical of various petitions we have had by inmates of the penitentiary and all of them, or practically all of them, make stereotyped allegations that the petitioner's constitutional rights have been violated when his conviction was obtained.

The same is true of this petition wherein it is alleged according to a correct summary from the State's brief, that: (1) he was not furnished a copy of the arrest warrant which was sworn against him; (2) he was not furnished a copy of the indictment returned against him; (3) he was not furnished a list of the names of the grand jurors; (4) he was not furnished a list of the names of the petit jurors; (5) he was convicted by a trial jury that was illegally and unlawfully constituted; (6) the convicting court was without jurisdiction to convict and sentence him because the offenses for which he was convicted were defined by an improperly apportioned Legislature; (7) he was not adequately represented by counsel in the lower court because counsel was appointed only fifteen minutes before his trial and counsel failed to request a continuance to investigate his case; (8) he was not advised by the court or his attorney of the conse-

quences of the pleas of guilty nor was there any determination that the pleas were freely and voluntarily entered; and (9) he was denied appellate review because neither the court nor counsel advised him of the steps necessary to an appeal. The last three allegations, (7), (8) and (9), and primarily (7) above, are particularly well briefed and very ably argued by counsel for the petitioner as well as counsel for the State before this Court.

This petition was tried after a complete evidentiary hearing at which time the petitioner was represented by court-appointed counsel. After a complete hearing the application for the writ of habeas corpus was denied and this appeal results.

The record shows that the petitioner did not testify and that he was advised that the proceedings were of a civil nature and that there would be a presumption that his testimony would be adverse to the allegations of his petition if he did not testify to the factual situation which he alleged in his petition.

The Sessions Judge of Franklin County, who acted as the committing Magistrate, testified that he was the Judge at the preliminary hearing; that at that time he advised the petitioner of his right to be represented by an attorney at said hearing; that the petitioner did not confer with an attorney at the hearing; that the petitioner entered a plea of guilty at the preliminary hearing; and that he, the Judge, did not testify at the trial proceedings where the petitioner entered his plea of guilty to the offenses before the Criminal Court Judge and jury.

At the trial before the court in which he was convicted, and of which he now complains, he was represented by two lawyers who were appointed by the trial court. Both of these lawyers are able and capable attorneys. These

lawyers were appointed on the morning of the trial and they conferred with the petitioner for some fifteen or twenty minutes prior to the trial. These lawyers testified in the cause now before us that after talking with the petitioner they conferred with the District Attorney General concerning the case, and that the District Attorney General with some reluctance agreed to allow the petitioner to submit on each of the three offenses for which he was indicted and then to be tried and receive the minimum sentences on each. The attorneys then communicated this fact to the petitioner and he consented thereto. Petitioner was advised of the possible sentence for each offense, which included a possibility of death by electrocution for the armed robbery offense. The petitioner stated to them that he had no witnesses, and that because petitioner had no defense these attorneys advised him that it would be to his best interest to take the minimum sentences for each offense. Counsel testified herein that the petitioner expressed a willingness to plead guilty and that it was the petitioner's decision to enter the plea of guilty. One of the lawyers testified in this hearing that the petitioner was not coerced or threatened or anything of the kind to enter the plea, and that he was well satisfied with the settlement they had made with the District Attorney General.

The testimony herein shows likewise that the court advised the petitioner of all his constitutional rights. Counsel testified that he did not recall advising petitioner that he had a right of appeal but that petitioner at no time requested an appeal. It is shown without contradiction that these attorneys advised the petitioner fully as to the sentence which was placed upon him. It is also shown that no juror was challenged because a settlement

had been arranged with the District Attorney General and that at no time did the petitioner request a copy of the warrant sworn out against him or the indictment or the list of jurors.

This petitioner, before convicted of these offenses which he now seeks to set aside, was apprehended on November 23, 1962, and charged with armed robbery in that he took from a police officer a revolver and $115.00; and he took the automobile which the policeman was driving; and he kidnapped the officer in doing this. These offenses were alleged to have occurred in Franklin County, Tennessee, on the same day that he was apprehended. Petitioner after being apprehended was removed to a neighboring county jail where he was incarcerated pending a preliminary hearing. On the day this was had, November 29, he was transferred to Franklin County where he appeared for the preliminary hearing and the trial in which he was convicted on January 9, 1963, and his conviction carried with it sentences of ten years for armed robbery, three years for the car theft, and two years for kidnapping, which sentences were to run consecutively making a total of fifteen years. An appeal from these judgments was not requested.

The main contention, which is ably made in the brief and was made in oral argument before this Court on this petition for habeas corpus, is based upon the petitioner's contention that the judgments under which he was convicted are invalid because he was denied effective legal representation; that he is an indigent man with a limited education and was compelled to rely upon the representation of counsel who were appointed by the court at his trial. The argument is made that counsel was not provided until approximately fifteen minutes before the trial,

which only provided time for a brief consultation; that following this brief consultation the appointed counsel recommended that petitioner enter a plea of guilty to the offenses charged in exchange for the recommendation of the District Attorney General for minimum sentences to be imposed; that his attorney thus appointed did not request the court for additional time in which to investigate the events surrounding the petitioner's arrest and the occurrences preliminary to the trial; and that petitioner was thus advised to plead guilty.

The assignments setting forth this contention are that he was deprived of his right to be represented by counsel as provided in Article 1, sec. 9, of the Tennessee Constitution which is implemented by T.C.A. secs. 40-1101, 40-2002 and 40-2003; that this Article of the Constitution and these Code Sections were violated in spirit because of the short time counsel was allowed for consultation.

It was further assigned as error that these convictions are invalid because the Judge where this man appeared at the preliminary hearing failed to inquire whether or not he was able to retain counsel and further failed to appoint counsel to represent him in violation of the same constitutional provision. It is further assigned as error that these convictions were invalid because the Sixth Amendment to the United States Constitution made it obligatory at State criminal prosecutions by the Fourteenth Amendment that counsel were supposed to have adequate time, more than was allowed herein, to investigate and prepare a defense; that the mere fact that he only used fifteen minutes shows that it was patently inadequate to permit preparation of such defense; and that his right to the assistance of counsel was denied as provided in the Sixth Amendment to the United States Constitution which

made it obligatory at State criminal prosecutions by the Fourteenth Amendment that the judge before whom he appeared at the preliminary hearing should inquire if he were indigent and that he failed to appoint counsel to represent him.

As to petitioner's allegations as enumerated above that he was not issued copies of the arrest warrant, indictment, a list of the grand jurors and petit jurors, it is shown herein that there was no request made for any of these documents. Certainly, since there was no request made, the question cannot now be raised upon these contentions. *Harris v. State,* 206 Tenn. 276, 332 S.W.2d 675, and others.

Numbers (5) and (6) of these contentions have been frequently answered by the Court and others against the contentions of the petitioner herein. The malapportionment of the Legislature, etc., has been rejected many times. See in particular *State ex rel. Fralix v. Bomar,* 214 Tenn. 516, 381 S.W.2d 297.

Thus it is that we now come to the main contention and argument in support of the petitioner's claim that he has been unconstitutionally convicted of the crimes and the sentences have been unconstitutionally imposed, that is, that counsel who represented him and were appointed to do so could not and did not adequately represent him, because counsel were only appointed to do so fifteen minutes prior to his trial; that having only this much time before the trial that counsel failed to request a continuance to investigate his case.

The Federal Court of the Sixth Circuit held that appointed counsel would be held to be incompetent only if the representation is so lacking as to render the proceeding a farce and a mockery of justice. *Schaber v. Maxwell,*

6 Cir., 348 F.2d 664. It is argued only inferentially that such was true here in that counsel only spent fifteen minutes with the petitioner before trial. We cannot say that fifteen minutes was too short a time to properly represent one under a factual situation as herein presented. Of course, if the crime is committed so as to be contestable or there was a question about it or witnesses to be found to be offered before the court to test the validity of the crime or the truth or falsity of it, then this would require time for an investigation. But if the person charged with the crime concedes to his counsel that he did these things and that he was well pleased to get out with the minimum sentence for having committed the crime, then unquestionably it could not be said that fifteen minutes was not adequate time for consultation and investigation. Under such a situation counsel, who did work out an agreement with the District Attorney General for the petitioner to only receive the minimum sentence for the offenses of which the man conceded he was guilty, should be complimented on getting the minimum sentence.

Factually in the present case we must view the case from the standpoint that this state of facts is true, that is, that the petitioner here did commit these crimes for which he was charged, and having conceded that he committed them, for him to get the minimum sentence was the best that could possibly be done. Since the petitioner had the right to testify in this habeas corpus proceeding, which was a civil proceeding, and state the facts as he saw them and did not do so and yet he is making this complaint, we must conclude, in view of this fact that the man stated to his appointed lawyers that he had committed these crimes, and that he had no witnesses,

he should be thanking his lawyers for being able to work it out for him to receive the minimum sentence rather than go to trial without any defense. Even if it had been continued since he had no witnesses to be found it would not have profited him anything. Thus it is that we certainly cannot say under such circumstances that fifteen minutes was not long enough in view of the result of what was done.

It is charged and alleged in these assignments that the petitioner was not advised of the consequences of his plea nor was it determined whether the plea was freely and voluntarily entered. The lawyer, who was appointed for the petitioner, testified that the sentences were fully explained to the petitioner and further that the plea was freely and voluntarily entered. There being no evidence to the contrary, certainly this answers this proposition. Then it is alikewise contended in his assignments of error that he was denied appellate review of his conviction because neither the trial court who tried him, nor counsel, advised him of the steps necessary for an appeal. In this habeas corpus proceeding counsel testified that the petitioner did not request an appeal, and, since he received the minimum sentence under each of these offenses, there was nothing logically that the man could appeal from. See *State ex rel. Reed v. Heer,* 218 Tenn. 338, 403 S.W.2d 310.

It is argued very forcibly by counsel for the petitioner here that his rights were violated because he entered a plea of guilty at his preliminary hearing. It seems to us that there is no prejudice shown in doing this because he entered the same plea at the time he was represented by court-appointed counsel in the original trial, and because he entered a plea of guilty at the preliminary hearing there is not a scintilla of evidence to

show that this prejudiced him; since he entered the same plea at the main hearing it cannot be said that having done so at the preliminary hearing in the least prejudiced this petitioner. We in this State have held that entering a plea at the preliminary hearing cannot be shown against the man when he in indicted by the grand jury, and such would be error if he entered one at the preliminary hearing and entered a plea of not guilty on his main trial. We cannot see any error in this.

Having carefully read this record and considered the questions made herein with care, we are unable to see wherein there has been any error committed herein. The judgment, therefore, must be affirmed.