**In re David LOLLIS, Petitioner.**

**Civ. A. No. 6388.**

United States District Court
E. D. Tennessee, N. D.

Sept. 26, 1968.

David Lollis, pro se.

David W. McMackin, Asst. Atty. Gen., of Tennessee, Nashville, Tenn., for respondent.

## MEMO AND ORDER

ROBERT L. TAYLOR, Chief Judge.

The petitioner, David Lollis, seeks a writ of habeas corpus to free him from

detention by the State of Tennessee. He is in the State Penitentiary at Nashville serving a life sentence for rape.

In 1944 three white persons, a woman and two escorts, were accosted by four Negro youths. The men were robbed and the woman allegedly raped. The petitioner was arrested in connection with the crime, subsequently convicted in the State Criminal Court on a charge of rape, and sentenced to life imprisonment.

Petitioner was paroled in 1958, and he went to Kingsport where he worked steadily, married, and had two children. The State revoked his parole when, according to petitioner, his wife shot a man threatening petitioner's life. Upon reparole in 1965, he was unable to find work at Kingsport and he violated his parole by going to Washington, D. C., for a year. He was rearrested when he returned to Tennessee and has since remained in the State Penitentiary.

A petition for habeas corpus directed to the state courts culminated in a full evidentiary hearing in March, 1967 before the Honorable Sue K. Hicks, judge, retired, in the Criminal Court for Knox County. Mr. Ray Lee Jenkins, an experienced attorney and former Assistant United States District Attorney in Knoxville, represented the petitioner who sought his release on the same grounds, with one exception, that he relies upon before this court. Either in the petition or as facts at the hearing, he alleged as violations of his constitutional rights that:

(1) he was arrested without a warrant,

(2) he was denied a preliminary hearing,

(3) he was not provided counsel at the preliminary proceeding that was provided,

(4) his confession was involuntary,

(5) the grand and petit juries were illegally constituted by reason of the exclusion of Negroes from jury service,

(6) a person on the petit jury was a personal enemy of the petitioner and prejudiced against the Negro race,

(7) the trial jury reached its guilty verdict by majority vote,

(8) that his attorney failed to advise him of his right to appeal and did not appeal the conviction,

(and as a ground first presented to this Court)

(9) that the Tennessee legislature by reason of its malapportionment was without power to pass the laws under which he was prosecuted.

After hearing all the evidence which petitioner presented and all the evidence for the state, the Criminal Court denied the issuance of the writ on all grounds put forth. The Tennessee Supreme Court affirmed the dismissal. By petition filed August 14, 1968 in this Court, asserting substantially the same grounds, petitioner asks for a second evidentiary hearing and for issuance of the writ.

Since he has already been given full opportunity to present his evidence of facts which would render his conviction unconstitutional, the issue put to this Court is whether or not the State Court's ruling on the issues before it were supported by substantial evidence and whether the new issues raised by the petition are substantial enough to require an evidentiary hearing.

It appears on the record of the state hearing and under the law as announced by the United States Supreme Court that the petition for writ of habeas corpus should be denied without a further taking of evidence. The analysis which leads to the above conclusions follows:

*Arrest without a warrant:*

 The record indicates without dispute that the petitioner was arrested without a warrant and that the arresting officers have since died. Therefore, no meaningful inquiry can be made to establish whether the arrest was made upon probable cause. Petitioner's testimony does not reflect facts which would negate probable cause, nor has he asserted lack of probable cause in his past or instant petitions for habeas corpus. Rather the inferences from the record support the State Court's denial of relief in face of

the claim of arrest without warrant. The allegedly raped woman was no doubt able to describe her assailants since she was later able to identify them. (1967 Trial Record, page 65, hereafter Tr., 65) Since the petitioner was subsequently indicted and convicted for the crime for which he was arrested, the lack of a warrant was cured by that verdict for purposes of a long delayed collateral attack upon the conviction itself. The Tennessee Supreme Court so held in this case, relying on their recent decision in State ex rel. Callahan v. Henderson, 220 Tenn. 417, 417 S.W.2d 789. It is clear that at least where probable cause exists an arrest may properly be made without a warrant. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). Even if the arrest were improper, there flowed therefrom no evidence which was introduced at trial, such as would involve the Federal constitutional questions raised by cases like Beck v. State of Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964).

### Lack of Preliminary Hearing:

██ Further petitioner contended in the state proceeding and his petition that he was denied a preliminary hearing. Substantial evidence upholds the State Court's holding that the writ should not issue on those grounds. Judge J. Fred Bibb, who presided at the 1945 trial, testified at the state hearing that at the trial Charles Kelly, City Judge in 1945, testified that he talked to each of the accused and each waived the preliminary hearing (Tr., 59).

### Lack of Counsel at Arraignment:

██ Petitioner contends that at the preliminary hearing held close to trial (arraignment) he was not represented by counsel. As presiding judge at that arraignment, Judge Bibb, to the contrary, testified that the petitioner was represented by paid counsel, Mr. Herman Parker (Tr., 50). Since substantial evidence sustains the holding that he was represented, petitioner may not rely on the doctrine of Hamilton v. State of Ala-

bama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (assuming the decision applies retroactively and the arraignment was a place where rights could be irrevocably lost).

### Involuntary Confession:

██ The fourth reason for unconstitutionality assigned by the petitioner was that his confession was involuntary. The trial court found upon substantial evidence that the confession was voluntarily made. In the first place the petitioner denies ever making a written confession even though he admits to orally confessing to robbery of the two escorts of the woman he allegedly raped (Tr., 18). He now admits to the robbery (Tr., 18). Judge Bibb testified that petitioner's written confession was admitted into evidence at the trial (Tr., 59). Mr. Mynatt, attorney for the City in 1945, testified that he was present at all interrogations after the night of the arrest (Tr., 63) and that the written statements admitted both the robbery and the rape (Tr., 61). Mr. Mynatt testified that there were no threats of the electric chair, no beating by hose or blackjack, no brow beating (Tr., 61), and that they were "definitely voluntarily made." (Tr. 62) Since the petitioner denied ever making a written statement, his version of what happened is not entitled to the weight which the state court accorded Mr. Mynatt's. On the basis of this evidence the court concluded that the confessions were voluntary. The *per se* standards for involuntariness announced in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, have been held *not to* apply retroactively. Davis v. State of North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895; Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. The state properly determined voluntariness from all the circumstances which include the factors given controlling weight in the *Miranda* decision. Davis v. State of North Carolina, supra; Johnson v. State of New Jersey, supra.

**618**

*Improper Formation of the Grand and Petit Juries:*

■ Petitioner claimed that Negroes were excluded from the grand jury which indicted him and the petit jury which found him guilty. His only evidence in support thereof was the fact that no Negroes were on the petit jury; he had no evidence concerning the grand jury, it appearing he meant petit jury when he referred to grand jury (Tr., 33). The state court ruled on substantial evidence that the juries were validly selected. Judge Bibb testified unequivocally that Negroes were not systematically excluded from jury service in Knox County at the time of petitioner's conviction. (Tr., 55)

*Prejudiced Juror:*

■■ Petitioner gave testimony that a man on the jury knew him, was prejudiced against him, and was prejudiced against the Negro race. Habeas corpus is not the proper place to raise objection to selection of the individual jurors. 39 Am.Jur.2d § 58. Furthermore, the evidence is against the petitioner's factual assertion. The voir dire lasted a day and a half (Tr., 44), the allegedly prejudiced man was known to petitioner (Tr., 38), and therefore the Court was justified in finding there either was no such man or the petitioner waived his right to object.

*Majority Verdict:*

Petitioner described circumstances which led to a hung jury, those circumstances including a return of the jury with request for death penalty for petitioner. Judge Bibb's testimony adequately refutes those charges (Tr., 52).

*Lawyer Failed to Advise of Right to Appeal:*

■ Petitioner asserts that his lawyer failed to inform him of his right to appeal and that he would have wanted an appeal had he known about it. Evidence at the state proceeding weighed strongly against his allegations. Judge Bibb testified that at the end of the trial the attorneys for defendants entered an oral motion for new trial, but on date of sentence indicated the motion would not be made written because there would be no appeal. Judge Bibb indicated that the defendants came to sentencing with their attorneys, had decided against appeal after conference with their attorneys, were satisfied with the verdict and would not seek appeal (Tr., 51, 54).

*Legislature Malapportioned:*

■ For the first time, petitioner contends his conviction was invalid because the legislature which defined the offense was unconstitutionally constituted by reason of malapportionment. The decision of Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964) in no way questions the validity of statutes passed by the malapportioned legislature except such as relate to the apportionment issue.

We conclude that the petition for writ of habeas corpus should be dismissed without a further evidentiary hearing and it is accordingly ordered. See: 28 U.S.C. § 2254(d).