**Clyde COLLIER, Petitioner,**

v.

**John W. WINGO, Warden Kentucky State Penitentiary, Respondent.**

**No. 1397.**

United States District Court
E. D. Kentucky,
Covington Division.

Jan. 3, 1969.

---

Clyde Collier, pro se.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frank-.fort, Ky., for respondent.

## MEMORANDUM

SWINFORD, Chief Judge.

Petitioner was convicted of armed robbery in August, 1963, and is now serving his sentence in the Kentucky State Penitentiary. No appeal was taken from this conviction. He filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Kentucky, having already sought post-conviction relief in the Kentucky courts. Petitioner was granted leave to proceed in forma pauperis, and the proceeding was transferred to this court pursuant to section 2241(d) of Title 28, United States Code.

Petitioner contends that he was illegally arrested, that his automobile was illegally searched, and that the product of this search was admitted into evidence at his trial.

The respondent has moved to dismiss the petition and contends that issues of illegal arrest and unlawful search and seizure must be presented on direct appeal and not in a petition for writ of habeas corpus. Twelve cases are cited in support of this proposition, but none are in point. All the cited cases involve motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255, and not petitions for a writ of habeas corpus filed by persons in state custody.

The law is now clear that an attack upon a state court judgment of conviction based on a claim of unlawful search and seizure is properly made in federal habeas corpus proceedings. Wilson v. Porter, 9 Cir., 361 F.2d 412, 416.

See Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601.

■ The respondent in his motion points out that no appeal was taken from the judgment of conviction five years ago. This fact does not mean that petitioner has failed to exhaust the remedies available in the courts of the state within the meaning of section 2254 of Title 28, United States Code, since that section refers only to state remedies still open to the applicant at the time he files his application in federal court. Fay v. Noia, 372 U.S. 391, 435, 83 S.Ct. 822, 9 L.Ed.2d 837.

■ On the other hand, the failure of a habeas corpus petitioner to have appealed from his conviction may justify a district judge in exercising his discretion to deny relief if the petitioner "has deliberately bypassed the orderly procedure of the state courts and in so doing has forfeited his state court remedies." Fay v. Noia, supra at 438, 83 S.Ct. at 849. See Baker v. Lee, 5 Cir., 384 F.2d 703. The Supreme Court in *Fay* sets out the standard by which it is to be determined whether petitioner deliberately by-passed the state procedure for appeal:

> "But we wish to make very clear that this grant of discretion is not to be interpreted as a permission to introduce legal fictions into federal habeas corpus. The classic definition of waiver enunciated in Johnson v. Zerbst, 304 U.S. 458, 464 [58 S.Ct. 1019, 1023, 82 L.Ed. 1461]—'an intentional relinquishment or abandonment of a known right or privilege'—furnishes the controlling standard. If a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate by-passing of state procedures, then it is open to the federal court on habeas to deny him all relief if the state courts refused to entertain his federal claims on the merits—

though of course only after the federal court has satisfied itself, by holding a hearing or by some other means, of the facts bearing upon the applicant's default. Cf. Price v. Johnston, 334 U.S. 266, 291 [68 S.Ct. 1049, 1063, 92 L.Ed. 1356]. At all events we wish it clearly understood that the standard here put forth depends on the considered choice of the petitioner." 372 U.S. at 439, 83 S.Ct. at 849. (footnote omitted.)

See also Gladden v. Gidley, 9 Cir., 337 F. 2d 575, 579.

The allegations of the petition, however, fail to state facts constituting a deprivation of petitioner's constitutional rights. Petitioner alleges that police officers forcibly entered his apartment without a warrant of arrest or a search warrant and arrested him for armed robbery; that he had left his automobile parked in front of his home; that a friend of his had moved it a distance of nine blocks and given two detectives permission to search it, all without petitioner's consent; that they searched the automobile after petitioner "was turned over to the Boone County authorities" and found a hooded jacket which was introduced into evidence.

■ The arrest of petitioner appears to have been unlawful. Sabbath v. United States, 391 U.S. 585, 88 S.Ct. 1755, 20 L.Ed.2d 828. But since petitioner was indicted, tried, and convicted, he cannot now attack on habeas corpus the legality of his arrest. Fernandez v. Klinger, 9 Cir., 346 F.2d 210, cert. denied 382 U.S. 895, 86 S.Ct. 191, 15 L.Ed.2d 152; In re Lollis, E.D.Tenn., 291 F.Supp. 615.

■ Because the arrest was unlawful, the search of petitioner's automobile cannot be justified as incidental to a lawful arrest. Sabbath v. United States, supra. And see Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777.

■■ Nevertheless, the search of petitioner's automobile and seizure of the evidence therein were valid because they were based on probable cause and exigent circumstances. Ultimately the question

in all search-and-seizure cases is whether the search was unreasonable. The Court in *Preston* said:

"Our cases make it clear that searches of motorcars must meet the test of reasonableness under the Fourth Amendment before evidence obtained as a result of such searches is admissible. E. g., Carroll v. United States, 267 U.S. 132 [45 S.Ct. 280, 69 L.Ed. 543] (1925); Brinegar v. United States, 338 U.S. 160 [69 S.Ct. 1302, 93 L. Ed. 1879] (1949). Common sense dictates, of course, that questions involving searches of motorcars or other things readily moved cannot be treated as identical to questions arising out of searches of fixed structures like houses. For this reason, what may be an unreasonable search of a house may be reasonable in the case of a motorcar. See Carroll v. United States, supra, 267 U.S., at 153 [45 S.Ct. at 285]. But even in the case of motorcars, the test still is, was the search unreasonable." 376 U.S. 366–367, 84 S.Ct. 883.

■ In the case of Dyke v. Taylor Implement Mfg. Co., 391 U.S. 216, 88 S. Ct. 1472, 20 L.Ed.2d 538, decided May 20, 1968, the Supreme Court, after noting that an automobile may be searched without a warrant upon facts not justifying such a search of a residence, recognizes that officers may make a warrantless search of a vehicle if they have "reasonable or probable cause" to believe that they will find the instrumentality of a crime or evidence pertaining to a crime. 391 U.S. at 221, 88 S.Ct. 1472.

It should be noted that the vehicle was found and searched in Boone County, within a few minutes drive from Ohio which is beyond the officers' jurisdiction, thus increasing the importance of an immediate search. See Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879.

In Johnson v. United States, 333 U.S. 10, 14–15, 68 S.Ct. 367, 369, 92 L.Ed. 436, the Supreme Court said:

"There are exceptional circumstances in which, on balancing the need for effective law enforcement against the right of privacy, it may be contended that a magistrate's warrant for search may be dispensed with."

In *Johnson,* the Court held that no exceptional circumstances existed because, inter alia, the search was of permanent premises, not a movable vehicle, and no evidence or contraband was threatened with removal or destruction. 333 U.S. at 15, 68 S.Ct. 367. In the instant case, however, both of the "exceptional circumstances" are present.

In United States v. Baxter, 6 Cir., 361 F.2d 116, 119, cert. denied, Baxter v. United States, 385 U.S. 834, 87 S.Ct. 79, 17 L.Ed.2d 69, the court pointed out that cases must be distinguished involving circumstances "where it is not practicable to secure a warrant, because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought," citing Carroll v. United States, 267 U.S. 132, 153, 45 S.Ct. 280, 69 L.Ed. 543.

In Caldwell v. United States, 8 Cir., 338 F.2d 385, cert. denied 380 U.S. 984, 85 S.Ct. 1354, 14 L.Ed.2d 277, the defendant's automobile was searched without a warrant several hours before he was arrested. A coat, discovered in the automobile, which was near the state line, was introduced into evidence. The Court of Appeals, after noting that the Fourth Amendment prohibits only unreasonable searches and seizures, held that the search was justified by the expediency of the events. The search and seizure in the pending case is also so justified.

An order in conformity with this memorandum is this day entered.