Plutarcho HILL, Petitioner,

v.

STATE of Tennessee, Respondent.

Court of Criminal Appeals of Tennessee.

Nov. 19, 1971.

Certiorari Denied by Supreme Court Feb. 22, 1972.

Louis Chiozza, Jr., Memphis, for petitioner.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, James G. Hall, Asst. Dist. Atty. Gen., Memphis, for respondent.

OPINION

MITCHELL, Judge.

The petitioner Plutarcho Hill on October 14, 1968, represented by court appointed counsel in the trial court, and here, pleaded guilty of robbery with a deadly weapon, in

the Criminal Court of Shelby County, Tennessee, Honorable Perry H. Sellers, Judge presiding. Having waived a jury trial his punishment was fixed by the trial judge at ten years in the State Penitentiary.

From his place of confinement serving his ten years sentence in the penitentiary the petitioner on May 12, 1970 filed his petition for post conviction relief.

He contends the trial court erred in dismissing his petition without an evidentiary hearing. The petitioner alleged he was ineffectively represented by the public defender's office when he pled guilty. That counsel only conferred with him for fifteen minutes one time prior to his guilty plea.

In some instances, assuming what petitioner alleges is correct, our Supreme Court has held that fifteen minutes may be ample time to consult with counsel. See State ex rel. Callahan v. Henderson, 220 Tenn. 417, 417 S.W.2d 789.

We note that petitioner received the minimum sentence for the offense of armed robbery. The minutes of the court show that counsel was appointed for petitioner five months prior to his entering his guilty plea.

■■■■ He does not contest the voluntariness of his guilty plea other than inferentially arguing that a co-defendant received a severance and later obtained a new trial. He contends therefore he has been denied due process by failure of his counsel to move for a severance on his behalf. We do not feel that the trial court erred in denying an evidentiary hearing on this assertion. In the first instance, a guilty plea waives all non-jurisdictional defects such as a motion for severance which, in fact, was never requested. See Shepard v. Henderson, Tenn.Cr.App., 449 S.W.2d 726. In the second instance, his allegation is a conclusion not supported by facts. When the petition alleges no constitutional deprivation, it may be dismissed without a hearing. See Burt v. State, Tenn.Cr.App., 454 S.W.2d 182.

It is shown by the minutes of the trial court that petitioner executed a written waiver of trial by jury and a request for acceptance of a guilty plea. The form, as signed by the petitioner and his counsel also shows that all of petitioner's rights pertaining thereto and consequences flowing therefrom were fully explained to him. In addition to that the trial court made and entered an order in which he found the petitioner freely and voluntarily and understandingly entered a guilty plea and waived jury trial with the attending consequences. These minutes, as we view this record, must and should be conceded the highest form of verity. See Howard v. State, 217 Tenn. 556, 399 S.W.2d 738.

We hold that the trial court did not err in dismissing the petition. His judgment is affirmed.

GALBREATH, J., concurs in separate opinion.

GALBREATH, Judge (concurring).

I concur fully in the majority opinion.

I would further commend the manner in which the petition in this case was disposed of in the trial court. To the grossly inadequate petition the respondent filed a proper motion to strike the petition setting out fully the reasons the petitioner was entitled to no relief. Upon due notice, the motion came on to be heard; and after consideration of both parties' positions, the court granted the motion of the respondent and dismissed the petition.

I commend the trial court in following this correct procedure because surprisingly many of the trial courts do not afford the petitioner the basic and elemental right I believe is firmly his by virtue of the due process clause of the 14th Amendment to the U. S. Constitution. Many of our courts routinely dismiss petitions such as the one in this case without any notice to the petitioner or his attorney, sometimes without even a request to do so from the State, in

the face of the emphatic admonitions in our statutes that no post conviction petition shall be dismissed for defects, incompleteness, lack of form, etc., without opportunity given to amend. T.C.A. § 40–3807, § 40–3809, § 40–3815.

In speaking of the importance of following established procedural guidelines, the United States Supreme Court has said:

"The fundamental requirement of due process is an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is invoked. If that is preserved, the demands of due process are fulfilled." Anderson National Bank v. Luckett, 321 U.S. 233, 246, 64 S.Ct. 599, 606, 88 L.Ed. 692.