Jackie LAYMAN, Petitioner,

v.

Lewis S. TOLLETT, etc., Respondent.

Civ. A. No. 2676.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Feb. 22, 1972.

R. Jackson Rose, Asst. Atty. Gen., Nashville, Tenn., for respondent.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

Counsel was appointed for the applicant herein. See order of May 6, 1971. Briefs were called for by the Court. See memorandum to counsel of August 24, 1971. The Court disposed of three of the ten grounds of the application. See memorandum opinion and order of October 8, 1971. The Court has been undertaking since to obtain all the documents which were deemed potentially useful in disposing of the remaining issues.[1] See memorandum to counsel of November 5, 1971. This Court can delay its action on this matter no longer.

*Inspection of prosecution's memoranda*

■■ There is no merit to the applicant's contention that he was entitled to inspect the prosecution's notes and memoranda of its evidence against him in his criminal trial. Although " \* \* \* the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material \* \* \* to guilt \* \* \*, irrespective of the good or bad faith of the prosecution \* \* \* ", Brady v. Maryland (1963), 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215, 218 (headnote 3), the state had no obligation to communicate to the applicant preliminary, challenged, or speculative information, Giles v. Maryland[2] (1967), 386 U.S. 66, 98, 87 S.Ct. 793, 17 L.Ed.2d 737, 758 [10] (concurring opinion of Mr. Justice Fortas). This statement suggests strongly the judicial view that the state had no obligation to disclose its files to the applicant to allow him to comb them in the hope of finding some information which might have come within the purview of the *Brady* rule, when he suggests nothing therein, the

———◆———

James Edward Beckner, Morristown, Tenn., for petitioner.

1. This Court was never provided with the purported findings of fact and conclusions of law of the state habeas hearing judge.

2. No opinion was agreed upon by the Court.

disclosure of which at the time of trial would have been of value to him.

*Delayed granting of a severance and separate trial and denial of change of venue*

The applicant has combined with his complaint that he was denied a speedy trial, his complaint that he should have been granted a change of venue and his complaint that his motion for a severance and separate trial from his codefendant was not granted seasonably. The record reflects that when it became apparent that the applicant and his codefendant should not be tried together, the trial judge immediately granted a severance and separate trial.

*Unseasonable denial of jury list*

■ The applicant complains also of the fact that he was furnished a list of prospective jurors, as required by T.C.A. § 40–2505, only two hours before the formation of the jury was commenced, and that this was not the "reasonable time" contemplated by that statute. The appellate courts of Tennessee have ruled that such time was reasonable in a Tennessee trial. Layman v. State, Tenn.Cr.App. (1968), 429 S.W.2d 832, 836 [5], certiorari denied (1968), citing Cooley v. State (1939), 174 Tenn. 168, 124 S.W.2d 250.

■ As to the three immediately preceding matters, "due process of law" does not mean that the operations of state government shall be conducted without error or fault in a particular case, nor that a federal court may substitute its judgment for that of the state courts, or exercise any general review over their proceedings, but only that the fundamental rights of the prisoner shall not be taken away from him arbitrarily or without the right to be heard according to the usual course of law in such cases. Frank v. Mangum (1915), 237 U.S. 309, 325–329, 35 S.Ct. 582, 59 L.Ed. 969, 979–981 (esp. headnote 6); see also Spencer v. Texas (1967), 385 U.S. 554, 564, 87 S.Ct. 648, 17 L.Ed.2d 606, 614

■ There is no merit to any of these three contentions.

*Alleged hostility of the trial judge*

■ It is basic that " * * * [t]rial before 'an unbiased judge' is essential to due process. * * * " Johnson v. Mississippi (1971), 403 U.S. 212, 216, 91 S.Ct. 1778, 1780, 29 L.Ed.2d 423, 427 [4]. The applicant contends that the trial judge in his criminal prosecution was "openly hostile" to him. These conclusory allegations are insufficient to support the applicant's claim that the state trial judge was biased against him. He has had several opportunities to support this claim with more than mere conclusory allegations.

*Granting of jail-time credit*

■ The applicant complains that he was given credit by the state trial judge for time spent in jail on the charge for which he is now incarcerated at a time when he was not present in court. T.C.A. § 40–2505. This Court can visualize no circumstance in this record which supports the view that the applicant was prejudiced by having his sentence reduced in this manner.

*Knowing Use of Perjured Testimony*

The applicant claims that a prosecution witness, Harriet Cureton, " * * * was guilty of perjury * * * when she testified that she had not been promised or paid a reward for her testimony. * * * " The applicant described such testimony as " * * * patently false and untrue. * * * " However, in lieu of presenting facts to substantiate this averment, Mr. Layman would have this Court order such witness to undergo a lie-detector test " * * * to determine * * * " if the testimony of such witness was false.

■■ The Constitution, Fourteenth Amendment, prohibits a state criminal conviction obtained by the knowing use of false testimony. Miller v. Pate (1967), 386 U.S. 1, 7, 87 S.Ct. 785, 17 L.Ed.2d 690, 694 [2]. The due process

principle that a state may not knowingly use false testimony to obtain a tainted conviction does not cease to apply merely because the false testimony only goes to the credibility of the witness. Napue v. Illinois (1959), 360 U.S. 264, 269, 79 S. Ct. 1173, 3 L.Ed.2d 1217, 1221 (headnote 2).

 Despite these plain statements of the law, this Court is of the opinion that "a pandora's box" would be opened, if a convicted defendant could challenge after such conviction the testimony of every witness against him by the mere assertion of conclusory allegations such as Mr. Layman makes in this instance. In the absence of a further and more intensive showing of the alleged facts, this Court will not conduct an evidentiary hearing on this issue.

*Absence of applicant when he was sentenced*

" * * * One of the most basic of the rights guaranteed by the Confrontation Clause [of the federal Constitution] is the accused's right to be present in the courtroom at every stage of his trial. * * * " Illinois v. Allen (1970), 397 U.S. 337, 338, 90 S.Ct. 1057, 1058, 25 L. Ed.2d 353, 356 [2], rehearing denied (1970), 398 U.S. 915, 90 S.Ct. 1684, 26 L.Ed.2d 80. The Court of Criminal Appeals of Tennessee disposed of this issue in the present situation by stating:

* * * * * *

He [the applicant] now says that he was not present at the time of sentence. He and his two brothers testified that he was present when his new trial motion was overruled but that the judge deferred sentence at that time. The minutes show that the trial judge overruled the motion and sentenced the defendant to 99 years in the penitentiary. * * * His claim that he was not allowed to speak or show cause why sentence should not be pronounced raises no constitutional question. * * *

Layman v. State of Tennessee, Tenn.Cr. App. (1970), 464 S.W.2d 331, page 333.

 The latter conclusion is correct. Hill v. United States (1962), 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417, 421 (headnote 6), rehearing denied (1962), 369 U.S. 808, 82 S.Ct. 640, 7 L. Ed.2d 556. It was shown in the hearing before the state judge by the circuit court clerk of Cocke County, Tennessee that court records reflect that the applicant was sentenced on July 29, 1967, but that such records do not reflect whether Mr. Layman or his attorney was present in court on that occasion. The record must show affirmatively the defendant's presence in court at sentencing. Lewis v. United States (1892), 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011, 1013 (headnote 1). " * * * [T]he action of the court in * * * rendering judgment in the absence of the accused was illegal. As to the nature and extent of the error, it was such as to vitiate the [sentencing] proceeding and render it null and void. * * * " Andrews v. The State (1855), 34 Tenn. 550 [1], 2 Sneed 550, 553, cited in Lucius Witt v. The State (1867), 45 Tenn. 11, 5 Cold. 11.

 The Court has the power to dispose of this matter as law and justice require. 28 U.S.C. § 2243. The apparent error in sentencing Mr. Layman in his absence renders void the sentence under which he is detained in the custody of the respondent; but, it is not such an error, in the opinion of this Court, which would warrant the issuance at this time of a federal writ of habeas corpus. Cf. Green v. Robbins, D.C. Maine (1954), 120 F.Supp. 61, 67 [7]. The term of imprisonment of Mr. Layman was apparently fixed by the jury which tried him, and the officials of the state of Tennessee involved should be accorded a reasonable opportunity to take such steps as are appropriate to correct the error of sentencing Mr. Layman in his absence, as this Court has found from the record.

It is the conclusion of this Court that the applicant Mr. Layman is entitled to the federal writ of habeas corpus he seeks, but the issuance of such writ hereby is stayed for a period of 30 days

918

from the date of the entry hereof, to afford the proper officials of the state of Tennessee a reasonable opportunity to return the prisoner to the Circuit Court of Cocke County, Tennessee, for the imposition upon him of a corrected sentence. If the petitioner is so returned and resentenced and a suitable showing to that effect is made by the respondent within the above time period, the federal writ of habeas corpus will not issue. But, on the other hand, if the petitioner is not so returned, such writ will issue, be made ·absolute immediately, and the petitioner Mr. Layman will be discharged from imprisonment.

Should the petitioner give timely notice of an appeal from those portions of this decision which are adverse to his contentions, he is authorized to proceed on appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure. In that event, such notice will be treated also as an application for a certificate of probable cause, which, in such event, hereby is granted. Rule 22(b), Federal Rules of Appellate Procedure.