**Johnny E. POWELL, Petitioner,**

v.

**Jim ROSE, etc., Respondent.**

**Civ. A. No. 1–83–0021.**

United States District Court,
M.D. Tennessee,
Columbia Division.

April 5, 1983.

On Motion for Reconsideration
April 20, 1983.

---

**3.** The Court has elected to use the legal rate of interest in Oklahoma as a fair and appropriate rate.

M. Clark Spoden, Nashville, Tenn., for petitioner.

Robert Grunow, Deputy Atty. Gen., Nashville, Tenn., for respondent.

## MEMORANDUM OPINION, ORDER AND CERTIFICATE

NEESE, Senior District Judge, Sitting by Designation.

This is a petition on behalf of Mr. Johnny E. Powell for relief through federal writ of habeas corpus. It is claimed he is in the custody of the respondent-warden pursuant to the judgment of October 16, 1978 of the Circuit Court of Giles County, Tennessee in *State of Tennessee,* plaintiff, v. *J.E. Powell,* defendant, docket no. 1368, in violation of the Constitution, Sixth and Fourteenth Amendments. 28 U.S.C. § 2254(a). The applicant appears to claim therein also that he exhausted the remedies available to him in the courts of Tennessee, 28 U.S.C. § 2254(b),[1] by applying to the aforenamed

---

**1.** This Court is unadvised with the record herein in its present posture whether the applicant presented to the courts of Tennessee *fairly as identical federal constitutional questions* the questions he presents as such to this Court, *see Picard v. Connor,* 404 U.S. 270, 276, 92 S.Ct. 509, 512[1], 30 L.Ed.2d 438 (1971), and, for the present, pretermits that issue.

Court for post-conviction relief, which was denied on May 20, 1981, which denial was affirmed January 19, 1982 by the Court of Criminal Appeals of Tennessee, with permission for him to appeal further being denied by the Supreme Court of Tennessee on April 21, 1982; however, it is not made to appear therein whether determinations of any factual issues possibly implicated herein were made by those courts as evidenced by reliable and adequate written indicia, 28 U.S.C. § 2254(d).

On preliminary consideration, it appears plainly from the face of such application and the exhibit annexed to it that the petitioner is not entitled to relief in this Court. Rule 4, 28 U.S.C. fol. § 2254:

## I

One ground for relief in such petition is that the ineffective assistance of the applicant's trial counsel in no. 1368, *supra*, resulted in a deprivation of his federal rights to an impartial jury and to due process of law. "In all criminal prosecutions, the accused shall enjoy the right to * * * trial * * * by an impartial jury * * *' and to have the Assistance of Counsel for his defence." Constitution, Sixth Amendment. "No State shall * * * deprive any person of * * * liberty * * * without due process of law * * *." Constitution, Fourteenth Amendment, § 1.

The applicant was tried under an indictment charging him with a felony. " * * * [A] defendant who must face [a] felony charge[ ] in state court without the assistance of counsel has been deprived of due process of law. * * *" *Cuyler v. Sullivan*, 446 U.S. 335, 343, 100 S.Ct. 1708, 1715[7], 64 L.Ed.2d 333 (1980). " * * * [T]he right to counsel is the right to the effective assistance of counsel. * * *" *McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14[10], 25 L.Ed.2d 763 (1970).

**2.** *Cf.* Further disposition thereof as law and justice required appearing at 357 F.Supp. 914

■ There is not presented by the applicant in this regard a viable claim of federal constitutional violation for multiple reasons: first: " * * * Habeas corpus is not the proper place to raise objection to [the] selection of [an] individual juror[ ]. * * *" *Layman v. Tollett*,[2] memo. op. & ord. of October 8, 1971 (D.C.Tenn.), judgment *aff'd.*, 473 F.2d 912 (table) (6th Cir. 1973), *cert. den.*, 412 U.S. 908, 93 S.Ct. 2302, 36 L.Ed.2d 974 (1973), citing and quoting from *In re Lollis*, 291 F.Supp. 615, 618[8] (D.C.Tenn.1968), citing 39 Am.Jur.2d 220, Habeas Corpus § 58 ("Mere errors or irregularities in the selection or formation of petit jurors cannot be inquired into in habeas corpus proceedings. [Footnote reference omitted.] Thus, disqualification of a juror is not available as a ground for release on habeas corpus, being a mere error or irregularity [citing in n. 16 *inter alia Ex parte Sullivan*, 83 F.2d 796 (9th Cir. 1936) ]".]

■ Secondly: " * * * 'In essence, the right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, "indifferent" jurors.' * * * *" *Groppi v. Wisconsin*, 400 U.S. 505, 509, 91 S.Ct. 490, 492, 27 L.Ed.2d 571 (1971). " * * * 'Impartiality is not a technical conception. It is a state of mind. For the ascertainment of this mental attitude of appropriate indifference, the Constitution lays down no particular tests and procedure is not chained to any ancient or artificial form.' * * * *" *Dennis v. United States*, 339 U.S. 162, 172, 70 S.Ct. 519, 523[4], 94 L.Ed. 734 (1950), *reh. den.*, 339 U.S. 950, 70 S.Ct. 799, 94 L.Ed. 1364 (1950).

■■ Brief encounters between a juror and another person, as opposed to a continuous and intimate association throughout a long trial, do not violate the accused's right to trial by an impartial jury. *Cf. Turner v. State of Louisiana*, 379 U.S. 466, 473, 85 S.Ct. 546, 550, 13 L.Ed.2d 424 (1965). Finally, in this connection, the purported failure of the applicant's trial counsel to *voir*

(D.C.Tenn.1972).

*dire* the juror, whose fidelity to her oath he now questions, more thoroughly reflects mere speculative hindsight as to how the unsuccessful defense of the applicant might have been improved. *Guzzardo v. Bergston,* 643 F.2d 1300, 1305[10] (7th Cir. 1981), *cert. den.,* 452 U.S. 941, 101 S.Ct. 3085, 69 L.Ed.2d 955 (1981).

For all those reasons, the applicant's federal constitutional claims of the ineffectiveness assistance of his (presumably, retained) counsel, leading to a deprivation of his rights to an impartial jury and due process of law, is insufficient to create a factual issue. No evidentiary hearing thereon is indicated. Rule 8(a), 28 U.S.C. fol. § 2254.

## II

▮ Neither was it violative of the Constitution, Sixth and Fourteenth Amendments, *supra,* if the jurors in no. 1368, *supra,* were allowed to separate " * * * without the supervision of a guard during a sequestered trial * * *." A judicial order, sequestering a jury after the commencement of the trial, is but one variety of many protective measures by which any prejudicial information about a defendant " * * * can be kept from a jury * * *." *Gannett, Inc. v. DePasquale,* 443 U.S. 368, 378, 99 S.Ct. 2898, 2905[4], 61 L.Ed.2d 608 (1979). This " * * * enhances * * * and emphasizes the elements of the jurors' oaths * * *." *Nebraska Press Ass'n v. Stuart,* 427 U.S. 539, 564, 96 S.Ct. 2791, 2805, 49 L.Ed.2d 683 (1976).

Jurors are not permitted in Tennessee to separate in criminal prosecutions in which a death sentence may be imposed. T.C.A. § 40–18–116. The applicant was tried for murder in the first degree (although convicted of the lesser-included-offense of murder in the second degree), and a death penalty could have been imposed on conviction of the greater offense charged in the prosecution. T.C.A. § 39–2–203(g).

3. The matter of sequestering juries under the federal trial system remains a matter of sound

▮ Even assuming *arguendo* that the trial court violated state law in the manner alleged by the applicant, no federal constitutional claim[3] is stated in regard thereto, because " * * * there is no constitutional right to sequestration. *Young v. Alabama,* 443 F.2d 854, 856 (5th Cir.1971), *cert. den.,* 405 U.S. 976, 92 S.Ct. 1202, 31 L.Ed.2d 251 (1972). * * * " *Powell v. Spalding,* 679 F.2d 163, 166 n. 3[4] (9th Cir.1982). " * * * [D]ue process does not require * * * [federal habeas corpus relief] * * * every time a juror has been placed in a compromising situation. * * * " *Smith v. Phillips,* 455 U.S. 209, 216–17, 102 S.Ct. 940, 945[2], 71 L.Ed.2d 78 (1982).

This allegation of the applicant constitutes no claim of federal constitutional violation resulting in his detention. Accordingly, no evidentiary hearing thereon is required. Rule 8(a), *supra.*

## III

The applicant contends he has proof to offer from jurors in no. 1368, *supra,* " * * * that the jury considered the possible effect of parole in its deliberations * * " which is " * * * uncontradicted in the record. * * * " Such a consideration appears to have been forbidden by the decisional law of Tennessee. *Farris v. State,* 535 S.W.2d 608, 614[4] (Tenn.1976).

▮ This Court lacks jurisdiction to review the correctness of such decision as to state law made by the Supreme Court of Tennessee, *Monk v. Blackburn,* 605 F.2d 837, 839[1] (5th Cir.1979); *Ramsey v. Hand,* 309 F.2d 947 (10th Cir.1962), *cert. den.,* 373 U.S. 940, 83 S.Ct. 1547, 10 L.Ed.2d 695 (1963), but, an evidentiary hearing in this Court on that ground for relief is not indicated. Rule 8(a), *supra:* This Court will not accept such jurors' own disclosures by private or public inquisition of how they reasoned in reaching their verdict in the separate sentencing hearing conducted, T.C.A. § 39–2–203(a), in no. 1368, *supra,* " * * * lest it operate to intimidate, beset, and harrass them. * * * "

judicial discretion. *Holt v. United States,* 218 U.S. 245, 249, 31 S.Ct. 2, 5, 54 L.Ed. 1021 (1910).

*Stein v. People of State of New York,* 346 U.S. 156, 178–179, 73 S.Ct. 1077, 1089, 97 L.Ed. 1522 (1953) (dictum).

" * * * If evidence thus secured could be thus used, the result would be to make what was intended to be a private deliberation, the constant subject of public investigation; to the destruction of all frankness and freedom of discussion and conference. * * * " *Id.* Furthermore, the jury had a right " * * * to take into consideration that which is common knowledge * * *." *Leach v. Burr,* 188 U.S. 510, 515, 23 S.Ct. 393, 394, 47 L.Ed. 567, 570 (1903).

■ It is inferable from the application of the petitioner that he presented the instant issue to the courts of Tennessee and was denied post-conviction relief; thus, that a factual determination was made as to this issue. The burden rests upon him " * * * 'to establish by *convincing evidence* that the factual determination by the State Court was erroneous.' * * * " 28 U.S.C. § 2254(d), *supra,* as quoted from in *Sumner v. Mata,* 449 U.S. 539, 551–552, 101 S.Ct. 764, 771, 66 L.Ed.2d 722 (1981). Without the testimony of such jurors concerning their deliberations, it is obvious he could not so establish the incorrectness of the factual determination of the courts of Tennessee.

In sum, then, there are no historical facts alleged anywhere by the applicant which would entitle him to relief by federal habeas corpus even if true, and a rehearing thereof in this Court would be " * * * an exercise in futility * * *." *Procunier v. Atchley,* 400 U.S. 446, 452, 91 S.Ct. 485, 488–489, 27 L.Ed.2d 524 (1971), *reh. den.,* 401 U.S. 966, 91 S.Ct. 966, 28 L.Ed.2d 249 (1971). He would invoke the jurisdiction of this Court under 28 U.S.C. § 2254. " * * * If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. * * * " *Engle v. Isaac,* 456 U.S. 107, 120 n. 19, 102 S.Ct. 1558, 1567 n. 19[2], 71 L.Ed.2d 783 (1982).

Preliminary examination by the Court demonstrating as much, it is now required to make an order for the summary dismissal of the applicant's petition. Rule 4, *supra.* Therefore, it hereby is ORDERED:

(1) that such petition is DISMISSED summarily, *id.;*

(2) that the clerk so notify forthwith the petitioner and his counsel of record herein, *id.;* and,

(3) that a copy of such petition and of these orders be served forthwith by the clerk by certified mail on the respondent-warden and the attorney general and reporter of Tennessee, *id.*

Should the petitioner give timely notice of an appeal from the judgment to be entered herein, Rule 58(1), F.R.Civ.P., such notice will be treated also as an application for a certificate of probable cause. Rule 22(b), F.R.App.P. As such petition cannot be described as plainly frivolous, but constitutes substantial questions worthy of further consideration, such certificate, in that event, WILL issue. *Id.; cf. Ex parte Farrell,* 189 F.2d 540, 543[1] (1st Cir.1951), *cert. den. sub nom. Farrell v. O'Brien,* 342 U.S. 839, 72 S.Ct. 64, 96 L.Ed. 634 (1951); *Poe v. Gladden,* 287 F.2d 249, 251[6] (9th Cir.1961); *see* also *United States ex rel. Stewart v. Ragen,* 231 F.2d 312, 312–313[1] (7th Cir.1956).

## ON MOTION FOR RECONSIDERATION

The petitioner moved the Court, in essence, for a reconsideration of its dismissal of his petition for the federal writ of habeas corpus. *See* Rules 52(b), 59(b), (e), F.R. Civ.P.; *Browder v. Director, Ill. Dept. of Corrections,* 434 U.S. 257, 261–263, 98 S.Ct. 556, 559–60, 54 L.Ed.2d 521, 529–530, esp. n. 5 and n. 7 (1978); *Huff v. Metropolitan Life Ins. Co.,* 675 F.2d 119 (6th Cir. 1982). The motion and exhibits tendered therewith reinforce the Court's action in dismissing the petition under Rule 4, 28 U.S.C. fol. § 2254.

The exhibits of the petitioner demonstrate that the first two issues raised herein—ineffective assistance of trial counsel and error in allowing the jury to separate without supervision—were found factually against the petitioner following a hearing

on the merits in the trial court, and such findings were evidenced in writing.* The petitioner did not allege, and it does not otherwise appear, that such factual determinations of the state court were within the purview of 28 U.S.C. §§ 2254(d)(1)–(8); and, therefore, such factual finding must be presumed to be correct by this Court. *Loveday v. Davis*, 697 F.2d 135, 138–139 (6th Cir.1983).

As to the third issue—consideration by the jury of the possible effects of parole— the Court adheres to its view, that any such error was merely a matter of state-law. The Court is cited to no authority to the contrary.

The motion hereby is

DENIED.

---

* In its order of June 17, 1971, the Circuit Court of Giles County, Pulaski, Tennessee, stated *inter alia:*

"* * * the Court finds in this case that Mr. Henry as one of the trial attorneys in this case, that his competency has been within the range of competency demanded of attorneys in criminal cases. The Court will also find that in addition to that, from this record it seems that not only did Mr. Henry meet that standard, but went beyond that criteria. * *

* * * Now, the Court makes a Finding of Fact that this record does not show that during the course of this trial that the jury became separated during the trial of the cause without the supervision of a guard. I realize I've mentioned before that Mrs. Smith testified that she saw someone speaking to a juror, but the Court specifically finds that this record does not reveal or show that the jury at anytime became separated during the trial of the case without the supervision of a guard, and of course, if that did not happen, the defendant was not prejudiced thereby, so that would be the Finding of Fact on the first additional ground. * * *"